**Michelle LANK, Plaintiff Below, Appellant,**

v.

**Myra MOYED, Defendant Below, Appellee.**

**No. 251, 2006.**

Supreme Court of Delaware.

Submitted: Sept. 6, 2006.

Decided: Oct. 12, 2006.

per.1913) (attorney reinstated after disbarment for embezzlement).

Beverly L. Bove and Vincent J.X. Hedrick, II, of Beverly L. Bove, Attorney at Law, Wilmington, DE, for Appellant.

Colin M. Shalk and Thomas P. Leff, of Casarino, Christman & Shalk, P.A., Wilmington, DE, for Appellee.

Before STEELE, Chief Justice, and BERGER and JACOBS, Justices.

JACOBS, Justice:

Appellant, Michele Lank ("Lank"), appeals from an order of the Superior Court, granting the motion of appellee, Myra Moyed ("Moyed"), for summary judgment. The Superior Court held that Lank's wrongful death and survival claims were subject to the "per person" limit of the applicable liability insurance policy, and that by tendering the "per person" limit to Lank, the insurer had discharged its contractual duties. Lank claims that the Superior Court committed three errors: (1) holding that Moyed's policy of insurance provided single limits coverage encompassing Lank's claims for both wrongful death and for survivorship; (2) finding that the applicable policy language was unambiguous; and (3) holding that the single limits policy provision is compatible with public policy. Because in our view the Superior Court committed no legal error and the relevant record supports its conclusion, we affirm.

### FACTS

On February 24, 2003 Lank's husband, David Lank, was driving in the 400 block of Lea Boulevard near Channing Road in Wilmington, Delaware, when he was struck head-on by a vehicle operated by Moyed. Both drivers were taken to Christiana Hospital, where David Lank died two days later without having regained consciousness.

Lank filed an individual wrongful death action against Moyed under Delaware's

Wrongful Death Act.[1] By stipulation of the parties, Lank amended the complaint to add a survivorship claim, in her capacity as personal representative of her husband's estate, to recover compensation for pain and suffering from the date of the accident until he died.

At the time of the accident, Moyed was insured by State Farm Mutual Automobile Insurance Company ("State Farm"). The State Farm policy provided liability coverage limits of $100,000 "per person" and up to $300,000 for two or more persons per accident. The relevant policy language provides:

> The amount of bodily injury liability coverage is shown on the declarations page under "Limits of Liability—Coverage A—Bodily Injury, Each Person, Each Accident." Under "Each Person" is the amount of coverage for all damages due to bodily injury to one person. "Bodily injury to one person" includes all injury and damages to others resulting from this bodily injury. Under "Each Accident" is the total amount of coverage, subject to the amount shown under "Each Person", for all damages due to bodily injury to two or more persons in the same accident.[2]

The parties stipulated that Lank's recovery would be limited to the coverage made available under the terms of the State Farm policy.

Moyed moved for summary judgment, claiming that Lank's recovery on the wrongful death claim and the survival action should be limited to the policy coverage provided for bodily injury to one person, i.e., $100,000. Lank opposed the motion, arguing that: (1) the policy language should not be given effect because

it is "convoluted and confusing;" (2) under Delaware law, wrongful death and survivorship claims are distinct causes of action and therefore should be treated as separate claims for insurance coverage purposes; and (3) adopting the single limits policy provision would violate the public policy and legislative intent underlying the wrongful death and survival statutes. The Superior Court rejected Lank's arguments and granted summary judgment to Moyed. Lank appeals from that grant of summary judgment to this Court.

■ On appeal of a grant or denial of a motion for summary judgment the scope of review is de novo. Moreover, "[t]he interpretation of insurance contracts involves legal questions and thus the standard of review is de novo. A grant of summary judgment cannot be sustained unless there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law."[3]

## ANALYSIS

■ Lank first claims that the Superior Court's decision is contrary to the Delaware case law treating wrongful death and survival claims. Lank relies heavily on Rosenthalis v. Doctors for Emergency Service.[4] In our view, Lank's reliance on Rosenthalis is misplaced.

Rosenthalis is inapplicable to this case, because the result there was reached under a different standard mandated by statute. In Rosenthalis, the Superior Court held that although "[the wrongful death and survival] claims arise from the same incident . . . that fact does not [justify] . . .

1. 10 Del. C. § 3724 (1999).

2. App. to Appellant's Opening Br. at A–19.

3. Emmons v. Hartford Underwriters Ins. Co., 697 A.2d 742, 744–45 (Del.1997).

4. 2004 Del.Super. Lexis 92 (Mar. 31, 2004).

combining them into a single claim,"[5] and that "both claimants should be protected rather than having their recovery limited."[6] Relying on this language, Lank argues that her claims do not fall within the single limits of the "per person" coverage. Lank's argument overlooks the fact that the Rosenthalis court analyzed the wrongful death and survival claims under the Delaware Insurance Guaranty Association ("DIGA") Act,[7] which the Superior Court found to be controlling. Under the DIGA Act, separate coverage was statutorily required for each "covered claim."[8] Because the DIGA Act is not applicable to this case, Rosenthalis also is inapplicable.

The issue of whether the "per person" limit applies when survival and wrongful death claims arise out of the injury and death of one person, has not been addressed by the Delaware courts directly. Some jurisdictions have rejected separate recoveries against an insurance policy for wrongful death and survival claims.[9] Cases from those jurisdictions have interpreted the policy language in a manner that persuades us that the survival and wrongful death claims in this case are subject to the single "per person" limit in the State Farm policy.

Lank contends that the Superior Court erred as a matter of law because State Farm's policy language is ambiguous and, therefore, should not have been given force and effect. Lank relies on *Emmons v. Hartford Underwriters Ins. Co.*[10] where the policy language was held to be ambiguous, because the policy did not "contain language that restricts the right of recovery to the 'per person' limit when only one person has suffered actual bodily injury."[11] Lank overlooks the distinction between *Emmons* and this case. In *Emmons*, this Court found the coverage language ambiguous, because the policy at issue there did not clearly provide that all claims were limited by the "per person" policy limits. Moyed's State Farm Policy, however, clearly so provides.

■■■ Lank has not advanced a convincing reason why State Farm's policy language should be deemed ambiguous. The relevant policy language states that "[u]nder each person is the amount of coverage for all damages due to bodily

---

**5.** *Id.* at *10.

**6.** *Id.* at * 12.

**7.** In *Rosenthalis*, a single incident of medical negligence left four plaintiffs—a patient who died, his widow and two children—with two causes of action, a survival claim and a wrongful death claim against defendant healthcare providers. The deceased's treating physician was formerly insured by PHICO Insurance Company ("PHICO"). When PHICO became insolvent, Delaware Insurance Guaranty Association assumed its obligations pursuant to the Delaware Insurance Guaranty Association Act.

**8.** 2004 Del.Super. Lexis 92 at *3.

**9.** *See, e.g., Vassiliu v. Daimler Chrysler Corp.,* 178 N.J. 286, 839 A.2d 863, 868 (2004) (holding that survival and wrongful death actions are "derivative of and dependent on the decedent's injuries, including an unfortunate death, and are thus subject to a single per person limit under a policy of insurance"); *McKinney v. Allstate Ins. Co.,* 188 Ill.2d 493, 243 Ill.Dec. 56, 722 N.E.2d 1125, 1127–29 (1999) (finding that the limitation of liability clause in the policy was not ambiguous and clearly limited all plaintiff's survival and wrongful-death claims arising out of the insured's death to a single [per person] limit); *Estate of Springer v. Nationwide Ins. Co.,* 1993 WL 317446, at *2, 1993 Ohio App. Lexis 3847, at *6 (Aug. 6, 1993) (holding that the "per person limit of $100,000 would apply to both the wrongful death and the survivorship claims if only one person had been injured in the accident.").

**10.** 697 A.2d 742 (Del.1997).

**11.** *Id.* at 746.

injury to one person." The provision goes on to state that "[b]odily injury to one person includes all injury and damages to others resulting from this bodily injury." In our view, that language is unambiguous: it clearly states that the per person limit of liability applies to "all injury and damages" that arise out of a single individual person's bodily injury. "[I]f the relevant contract language is clear and unambiguous, courts must give the language its plain meaning." [12] The Court "should not distort language [of an insurance policy] to reach a desired result." [13]

 Lank alternatively claims that, "if the contract in such a setting is ambiguous, the principle of *contra proferentem* dictates that the contract be construed against the drafter," [14] in this case State Farm, which drafted the language being interpreted. But, "[the principle of *contra proferentem*] is not applicable ... unless there is some ambiguity in the policy language...." Thus, "if the language is clear and unambiguous a Delaware court will not destroy or twist the words under the guise of construing them." [15] Here, as noted above, because the State Farm policy language is unambiguous, the principle of *contra proferentem* is not applicable.

Lank's third and final claim is that the Superior Court's interpretation of the single limits policy provision would frustrate and contravene the underlying legislative purpose and intent of the wrongful death and survival statutes. Lank correctly points out that wrongful death and survivorship claims are distinct causes of action under Delaware law. [16] That said, neither the Wrongful Death statute nor the Survivorship statute prohibits a policy of insurance from limiting the total amount of coverage available for either or both claims. [17] Even if insurance coverage for wrongful death and survivorship claims were contractually capped at a specific amount, that would not deprive a claimant of either cause of action.

Finally, Lank claims the single limits policy provision violates public policy. However, Lank cites no case where a "single limits" policy provision was found to violate public policy. On the contrary, after exploring the "historical public policy background on both wrongful death and survivorship actions," we conclude that it is "both sound and fair to limit awards of [these two claims] to true pecuniary damages." [18]

## CONCLUSION

For the foregoing reasons, the judgment of the Superior Court is **AFFIRMED.**

---

12. *Phillips Home Builders v. Travelers Ins. Co.,* 700 A.2d 127, 129 (Del.1997).

13. *Hall v. Burger,* 277 Ill.App.3d 757, 214 Ill.Dec. 379, 660 N.E.2d 1328, 1331 (1996).

14. *Emmons,* 697 A.2d at 745. *See also, Steigler v. Insurance Co. of North America,* 384 A.2d 398, 400 (Del.1978); *Novellino v. Life Ins. Co. of North America,* 216 A.2d 420, 422 (Del.1966).

15. *Hallowell v. State Farm Mutual Auto. Ins. Co.,* 443 A.2d 925, 926 (Del.1982).

16. *Magee v. Rose,* 405 A.2d 143, 146 (Del.Super.1979).

17. *See* 10 *Del. C.* § 3724 (1999); 10 *Del. C.* §§ 3701 and 3722(a) (1999).

18. *See* Victor E. Schwartz and Cary Silverman, *Hedonic Damages: The Rapidly Bubbling Cauldron,* 69 BROOKLYN LAW REV. 1037, 1057–60 (2004).