H. DAVID MANLEY, Defendant Below, Appellant,
v.
MAS ASSOCIATES, LLC, a limited liability company organized and existing under the laws of the State of Maryland, DBA Equity Mortgage Lending, LLC, Plaintiff Below, Appellee.
No. 390, 2008.
Supreme Court of Delaware.
Submitted: December 10, 2008.
Decided: February 17, 2009.
Before STEELE, Chief Justice, BERGER and JACOBS, Justices.

ORDER
MYRON T. STEELE, Chief Justice.
This 17th day of February 2009, it appears to the Court that:
(1) H. David Manley, the defendant below, appeals from a grant of summary judgment to MAS Associates, LLC in its foreclosure action on Manley's home. On appeal, Manley argues that the Superior Court erred by: (1) denying Manley leave to file a third party complaint; and (2) granting MAS summary judgment. Because we find no merit to Manley's arguments, we affirm.
(2) In 1997, Manley purchased a property located at 423 Plantation Boulevard in Lewes, Delaware. Later, Manley and his wife obtained two separate $50,000 loans, each secured by a mortgage on the property.[1] In 2003, Manley obtained a third $190,000 loan from MAS secured by the property. Manley's wife did not participate in this loan.[2] Advantage Title Company and Maryland attorney Denise Damie prepared all the documents related to the loan and mortgage; this transaction did not involve any Delaware attorney. The loan proceeds were first applied to repay the prior loans, and Manley received the balance. After making payments on the loan for approximately two years, Manley fell into delinquency.
(3) In 2006, MAS filed a foreclosure action in the Superior Court seeking relief in rem on the mortgage and relief in personam on the promissory note for the loan.[3] In response, Manley claimed that the mortgage was void because MAS never informed him that he was entitled to counsel during the loan process and no Delaware attorney was involved in that transaction.
(4) Manley moved for leave to file a third party complaint against Advantage and Damie. Manley sought to include them to determine their liability "as opposed to [MAS], in illegally and fraudulently conducting" the loan transaction.[4] The Superior Court denied that motion.
(5) Later, MAS deposed Manley. During his deposition, Manley made the following admissions:
1) He completed two years of college and ran his own furniture restoration business.
2) He understood that a mortgage against his property secured the money he borrowed.
3) He received a loan from MAS, a portion of which went to paying off the existing obligations on his home with the balance paid directly to him.
4) He understood that if he did not make the payments on the loan he would be in default and potentially face foreclosure.
5) He was not prevented from having an attorney present at the loan settlement.
Following the deposition, MAS moved for and the trial judge granted summary judgment. The trial judge concluded that Delaware counsel need not be present for one to execute a valid mortgage and that, in any event, Manley suffered no prejudice from the absence of a Delaware attorney because he understood the general nature of his obligations. This appeal followed.
(6) On appeal, Manley argues that the trial judge erred by denying him leave to file a third party complaint and by granting MAS summary judgment. We find no merit to either of Manley's claims.
(7) Manley asserts that the trial judge erred by denying his motion to file a third party complaint against Advantage and Damie for two reasons. Manley argues that Superior Court Civil Rule 19(a) required the joinder of Advantage and Damie in the litigation. Manley also argues that, because MAS combined in rem and in personam actions in its complaint, his defenses against MAS cannot be restricted and, thus, the Superior Court erred by denying him leave to file a third party complaint.
(8) Manley argues that the trial judge should have permitted the third party complaint against Advantage and Damie because they were necessary parties under Superior Court Civil Rule 19. Manley contends that his claims of fraud against Advantage and Damie "go directly to the validity of the [n]ote and mortgage."
(9) It is "well settled law that joint tortfeasors are not necessary parties whose joinder is mandatory, but merely permissive parties."[5] Under Delaware law, joint tortfeasors are "2 or more persons jointly or severally liable in tort for the same injury to person or property, whether or not judgment has been recovered against all or some of them."[6] Because MAS, Advantage, and Damie are alleged to have participated in a fraud, they are presumed to be joint tortfeasors. Therefore, Advantage and Damie are not necessary parties under Rule 19; rather, they are permissive parties under Rule 14 and Rule 20. Neither Rule requires the joinder of a party.[7]
(10) Permissive third party complaints are matters for the sound discretion of the trial judge, which we review for abuse of discretion.[8] Manley does not argue that the trial judge abused his discretion, nor does our review of the record indicate any abuse. Thus, the trial judge acted well within his discretion by denying Manley's motion to file a third party complaint.
(11) Next, Manley contends that the trial judge improperly limited his defenses. Had MAS filed a Scire Facias Sur mortgage action instead of a combined in rem and in personam action, Manley's defenses would be limited to matters directly related to the disputed loan and mortgage transaction.[9] Manley argues that in a combined in rem and in personam action his defenses cannot be restricted in the same manner. Manley, however, overstates the significance of the distinction between a Scire Facias action and a combined in rem and in personam action. Permissive counterclaims may not be brought as part of a Scire Facias action, but they may be brought as part of a combined in rem and in personam action.[10] Manley's only basis for claiming that his defenses were limited is that the trial judge denied his motion to file a third party complaint. That, however, is a discretionary matter, and, as discussed above, the Superior Court did not abuse its discretion.
(12) Manley's other claim of error is that the trial judge improperly granted summary judgment to MAS. We review the grant or denial of a motion for summary judgment de novo.[11] Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[12] Manley claims that the Superior Court erroneously granted MAS summary judgment for two reasons: (1) he did not receive the full benefit of the loan; and (2) the absence of a Delaware attorney at the loan settlement adversely affected his position. Both arguments lack merit.
(13) Manley claims he did not receive the full benefit of the loan because one of the previous mortgages on the property was not marked satisfied in the Sussex County land records.[13] The record, however, is clear that Manley received the full benefit of the loan. During his deposition, he admitted that MAS's loan went to pay off his two previous mortgages with the balance paid directly to him. The absence of a promptly filed satisfaction for one of the previous mortgages in the Sussex County land records appears to have been an inadvertent error. MAS provided the Superior Court with the cancelled check showing complete payment of that mortgage. It also provided the satisfaction once the filling error was corrected. Manley has not and cannot show how that filing error adversely affected him or prevented him from receiving the full benefit of the loan.
(14) Next, Manley claims that he was adversely affected by the absence of a Delaware attorney at settlement. He argues that had a Delaware attorney been present, he would have properly satisfied the previous mortgage and adequately advised him on the terms of the new loan. Manley claims that our decision in In re Mid-Atlantic Settlement requires that a Delaware attorney be present.[14]
(15) We addressed a similar situation in Hancock v. Citifinancial Inc.[15] In Hancock, the defendant-mortgagors relied on Mid-Atlantic to argue that their mortgage was invalid because a Delaware attorney did not conduct the settlement.[16] We stated that Mid-Atlantic did not "[hold] that the absence of Delaware counsel operates to invalidate, or render unenforceable, the underlying transaction against the mortgagors who receive the benefit of the loan."[17] We further concluded that, because there was no evidence that the mortgagors did not receive the benefit of the loan, failed to understand the transaction, or failed to understand the obligations that resulted, there was no basis to excuse them from liability under the mortgage.[18]
(16) Hancock forecloses Manley's arguments. Here, Manley received the full benefit of the loan. Manley had executed two previous mortgages, and by his own admission, he understood that not paying his loan would result in foreclosure. Thus, Manley understood his obligations to MAS. The only aspect of the loan transaction that Manley claims he did not understand was a five year balloon payment provision. That provision had not taken effect at the time Manley defaulted. Although Manley may not have understood the technical aspects of the balloon provision, he appreciated that foreclosure could result from a default on the loan. No one prevented Manley from seeking legal advice on the terms of the loan. In these circumstances, there is no basis to invalidate Manley's mortgage simply because no Delaware attorney appeared at the settlement.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] A private attorney and CitiFinancial provided the initial loans.
[2] Manley's wife conveyed her interest in the property to Manley. Manley mortgaged the property to MAS and then reconveyed the property to himself and his wife jointly.
[3] MAS filed this combined action rather than the usual Scire Facias Sur mortgage action to recover directly from Manley because his outstanding balance, with accrued interest, was greater than the original loan principal (and likely greater than the value of the foreclosed property).
[4] Appellant's Motion for Leave to File Third Party Complaint at 2.
[5] See Roberts v. Delmarva Power & Light Co., 2007 WL 2319761, at *3 (Del. Super) (citations omitted).
[6] 10 Del. C. § 6301.
[7] See Super. Ct. Civ. R. 14 ("Third Party Practice") and Super. Ct. Civ. R. 20 ("Permissive Joinder of Parties).
[8] Burris Foods, Inc. v. Deloitte & Touche, 1991 WL 215896, at *4 (Del. Super.).
[9] See Gordy v. Preform Bldg. Components, Inc., 310 A.2d 893, 894 (Del. Super. 1973).
[10] See id. Manley cites this case for the proposition that his defenses cannot be limited in a combined in rem and in personam action. Gordy, however, only stands for the proposition that permissive counter claims cannot be adjudicated as part of a Scire Facias Sur mortgage action. Id.
[11] Lank v. Moyed, 909 A.2d 106, 108 (Del. 2006).
[12] Id.
[13] The satisfaction piece was later supplied to the trial court.
[14] In re Mid-Atlantic Settlement Serv., 755 A.2d 389 (Del. 2000).
[15] Hancock v. Citifinancial, Inc., No. 311, 2004, 2005 WL 1653775 (Del. July 6, 2005).
[16] Id. at *2.
[17] Id.
[18] Id.