**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNTY**

| | | |
|---|---|---|
| CAPITAL ONE, N.A., as successor by | ) | C.A. No.:  N14L-07-102 |
| merger to ING Bank, FSB, a corporation | ) | |
| organized and existing under the laws of | ) | SCIRE FACIAS SUR MORTGAGE |
| the United States of America; assignee of | ) | |
| Mortgage Electronic Registration | ) | PARCEL NO. 06-005.00-057 |
| Systems, Inc., as nominee for | ) | |
| Countrywide Bank, FSB | ) | Mortgage Record: |
| | ) | 20070627-0057539 |
| Plaintiff, | ) | |
| | ) | Assignment Record: |
| SUZANNE M. BACHOVIN, | ) | 20121221-0075469 |
| | ) | |
| Defendant. | ) | IN REM |

**MEMORANDUM ORDER (i) GRANTING IN PART AND
DENYING IN PART THE PLAINTIFF CAPITAL ONE, N.A.'S MOTION
TO STRIKE AND FOR JUDGMENT BY DEFAULT
AND (ii) GRANTING IN PART AND DENYING IN PART
DEFENDANT SUZANNE M. BACHOVIN'S MOTION TO AMEND ANSWER**

Upon consideration of the Motion to Strike and for Judgment by Default (the "Motion for

Default Judgment") filed by Plaintiff Capital One, N.A. ("Capital One"); the Defendant's

Response to the Plaintiff's Motion to Strike and for Judgment by Default (the "Response") filed

by Defendant Suzanne M. Bachovin; the Motion to Amend Answer filed by Ms. Bachovin (the

"Motion to Amend"); the letter, dated July 21, 2015, from David A. White, Esq., to the

Honorable Eric M. Davis (the "July 21 Letter"); and the arguments made by the parties at

hearings held on July 13, 2015 and July 27, 2015 on the Motion for Default Judgment, the

Response, the Motion to Amend and the July 21 Letter; the Court finds and holds as follows:

**APPLICABLE AUTHORITY**

1.      This is a *scire facias sur* mortgage action.  Capital One filed its Complaint with

the Court on July 29, 2014.  Ms. Bachovin filed her Answer and Counterclaim on September 22,

2014. The parties then engaged in the Court's mortgage mediation process. After that process ran its course, Capital One moved to amend its Complaint, and the Court subsequently granted leave to amend. Capital One filed its Amended Complaint on April 29, 2015. Ms. Bachovin responded with her Amended Answer and Counterclaim on May 8, 2015. Capital One then filed the Motion for Default Judgment.

2. In a *scire facias sur* mortgage action, the Court will grant a default judgment when the defendant fails to raise a meritorious defense or create a material dispute of fact.[1] A meritorious defense must arise under the mortgage.[2] A defense arises under the mortgage when it is a matter "directly related to the disputed loan and mortgage transaction."[3] The only claims that arise under a mortgage are "payment, satisfaction, absence of seal, or a plea in avoidance."[4]

3. A plea in avoidance is a challenge to the validity or legality of the documents of "the original mortgage sued upon."[5] The Delaware Supreme Court provided examples of pleas in avoidance as: "acts of God, assignment, conditional liability, discharge, duress, exception or provision of statute, forfeiture, fraud, illegality of transaction justification, nonperformance of conditions precedent, ratification, unjust enrichment, and waiver."[6] The Delaware courts have limited the available counterclaims because other claims may "infuse an *in personam* judgment based on different transaction."[7]

4. The court should liberally permit a party to amend its pleading as long as the amendment would not prejudice another party.[8]

---

[1] *Ingram v. 1101 Stone Assocs.*, No. N14L-07-102, 2004 WL 691770, at *8 (Del. Super. Mar. 18, 2004).
[2] *Id.*
[3] *Manley v. MAS Assocs.*, 968 A.2d 492 (Del. 2009) (unpublished table decision).
[4] *Lasalle Nat'l Bank v. Ingram*, No. 98L-10-025, 2005 WL 1284049, at *1 (Del. Super. May 19, 2005).
[5] *Id.*
[6] *Gordy v. Preform Bldg. Components, Inc.*, 310 A.2d 893, 895-96 (Del. 1973).
[7] *Id.* at 896.
[8] Super. Ct. Civ. R. 15(a); *Mullen v. Alarmguard of Delmarva, Inc.*, 625 A.2d 258, 263 (Del. 1993).

**ANALYSIS**

5.      Here, Ms. Bachovin seeks to amend her Affidavit of Defense and contends that the amendment cures any deficiencies and does not prejudice Capital One.  As the Court made clear in the two hearings, the Court (i) will allow Ms. Bachovin to amend her Amended Answer to include the Affidavit of Defense, but (ii) will not allow affirmative relief through counterclaims or provide affirmative recovery against Capital One through an affirmative defense as the Court will not infuse an *in personam* situation into this *in rem* action.

6.      Capital One initially complained that Ms. Bachovin only stated conclusions and did not provide any facts to support her defenses in her Answer to the Complaint.  Ms. Bachovin implicitly agreed with Capital One's position and filed the Motion to Amend.  Ms. Bachovin now argues that her Affidavit of Defense provides sufficient factual information and that Capital One is not prejudiced by the proposed amendment because this information was initially set out in her Answer to the Complaint.  In its July 21 Letter, Capital One argues that there are no meritorious defenses in the amended Affidavit, so Ms. Bachovin's defenses should be stricken and the Court should grant a Default Judgment.

7.      Ms. Bachovin raises a number of defenses in her proposed amended Affidavit of Defense.  First, Ms. Bachovin raises a rescission in recoupment defense.  Ms. Bachovin contends that rescission is appropriate because Countrywide Bank, FSB ("Countrywide") did not make certain Truth in Lending Act ("TILA") disclosures to her during the refinancing.  Second, Ms. Bachovin argues that Countrywide fraudulently induced her to refinance her mortgage by misrepresenting information to her.  Third, Ms. Bachovin claims that the mortgage refinancing was illegal as she was not represented by a Delaware attorney at closing.  Ms. Bachovin alleges that this is a valid defense because Countrywide assured Ms. Bachovin that she did not need an

3

attorney at closing even though Delaware law provides to the contrary. Ms. Bachovin also states that the mortgage attached to Capital One's complaint is not the one that she signed. Fourth, Ms. Bachovin contends that Capital One lacks standing to bring a foreclosure action because Mortgage Electronic Registration Systems, Inc. ("MERS"), Countrywide's nominee, assigned the mortgage to Capital One instead of the assignment coming from Countrywide.

8.     With respect to the rescission in recoupment defense. Ms. Bachovin claims that the original mortgagee Countrywide did not make necessary TILA disclosures to her during her refinancing. Regardless of whether it is true, the Court finds that this defense is not one of the available *scire facias* defenses under Delaware mortgage law.[9] In a similar foreclosure case where rescission was raised as a defense, the Court commented that "rescission is intended to return the parties to the *status quo ante* and such a remedy would, in effect, dispossess the defendant of the property and require her to repay all monies given her by plaintiff or its predecessor—a remedy that looks remarkably like the one sought by plaintiff."[10]

9.     The Court notes that this defense is also unavailable under TILA, which states that the right of rescission does not apply to "a transaction which constitutes a refinancing."[11] Even if refinanced mortgages were not exempt, the Court holds that any TILA claims are time-barred under 10 U.S.C. § 1635(f). Section 1635(f) provides that a mortgager's right of rescission expires three years after "the date of the consummation of the transaction or upon the sale of the property, whichever occurs first."[12] The United States Supreme Court held that a rescission in recoupment defense was not available after the three-year window passed.[13] The window of

---

[9] *Gordy*, 310 A.2d at 895-96.
[10] *Deutsche Bank Nat'l Trust Co. v. Goldfeder*, No. 08L-10-197, 2014 WL 7692441, at *1 (Del. Super. Dec. 9, 2014).
[11] 10 U.S.C. § 1635(e).
[12] *Id.* § 1635(f).
[13] *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 417-18 (1998).

4

time is not even statute of limitations but, rather, extinguished the right altogether.[14] Therefore, the Court strikes the rescission in recoupment defense.

10.     Ms. Bachovin's next defense is fraudulent inducement. Fraud is one of recognized defenses to a *scire facias sur* mortgage action.[15] A party must plead a fraud claim with particularity.[16] To do so, the facts must state the "time, place, and contents of the false representations; the facts misrepresented; the identity of the person(s) making the misrepresentation; and what the person(s) gained from making the misrepresentation."[17] In Ms. Bachovin's Affidavit of Defense, Ms. Bachovin alleges that Countrywide made misrepresentations to induce her to refinance, which was to Countrywide's financial advantage. Ms. Bachovin provides when and with whom she spoke at Countrywide, she also sets out what Countrywide told her and what Countrywide purportedly gained. The parties have not conducted discovery yet, so it is too early for the Court to find that this defense has no merit. The Court finds that, at this stage in the proceedings, Ms. Bachovin has pled enough facts to survive a motion for default judgment.

11.     Under Delaware law, "the absence of Delaware counsel [does not operate] to invalidate, or to render unenforceable, the underlying transaction against the mortgagors who

---

[14] *Id.* at 418.

[15] *Gordy*, 310 A.2d at 895-96. Capital One cites to Superior Court case *Clarkson v. Goldstein*: "Fraud may not be asserted as a defense in a scire facias sur mortgage foreclosure action." No. 04C-03-109, 2007 WL 914635, at *4 (Del. Super. Feb. 28, 2007). The Supreme Court, however, listed fraud as an example of a meritorious defense under a plea in avoidance in *Gordy*. 310 A.2d at 895-96. The Superior Court has followed *Gordy* in other cases, so this Court will do the same. *E.g.*, *JPMorgan Chase Bank v. Hopkins*, No. N11-L-09-289, 2013 WL 5200520, at *2 (Del. Super. Sept. 17, 2013); *Wells Fargo Bank, NA v. Nickel*, No. 11L-07079, 2011 WL 6000787, at *2 (Del. Super. Nov. 18, 2011); *Lasalle Nat'l Bank v. Ingram*, No. 98L-10-025, 2005 WL 1284049, at *1 (Del. Super. May 19, 2005); *Am. Nat'l Ins. Co. v. G-Wilmington Assos, L.P.*, No. 02L-05-114, 2002 WL 31383924, at *2 (Del. Super. Oct. 18, 2002); *First Fed. Sav. & Loan Assoc. of Norwalk v. Christiana Falls, L.P.*, 1986 WL 9916, at *1 (Del. Super. Sept. 9, 1986), *aff'd*, *Christiana Falls v. First Fed. Sav. & Loan Assoc. of Norwalk*, 520 A.2d 669 (Del. 1986) (unpublished table decision).

[16] Super. Ct. Civ. R. 9.

[17] *MPT of Hoboken TRS v. HUMC Holdco*, No. 8442, 2014 WL 3611674, at *10 (Del. Ch. Jul. 22, 2014).

receive the benefit of the loan."[18] Mortgagers must allege facts indicating that the mortgagers were prejudiced by the lack of an attorney *and* that they "did not understand the nature of the transactions or their resultant obligations."[19] In *Manley v. MAS Associates*, for example, the mortgagers argued that they did not understand the balloon provision in their mortgage.[20] The Court found that the mortgager failed to show evidence "that the mortgagors did not receive the benefit of the loan, failed to understand the transaction, or failed to understand the obligations that resulted."[21] The Court also found that, even without an attorney, the mortgagers understood that the property would be foreclosed if they did not pay their loan.[22] Thus there was "no basis to invalidate [the] mortgage . . . simply because no Delaware attorney appeared at the settlement."[23]

12.    In this case, Ms. Bachovin alleges that she needed a Delaware attorney to explain the loan documents to her. Ms. Bachovin, an attorney, signed the documents she claims not to have understood anyway. It seems unlikely that she did not appreciate that Countrywide would foreclose her residence if she stopped making her mortgage payments. Regardless, Ms. Bachovin's fraud claim is sufficient to survive a motion for a default judgment, though perhaps not a motion for summary judgment. The Court makes this last point so as to provide notice to Ms. Bachovin that the Court will need to see appropriate and plausible evidence for this defense to proceed beyond the discovery stage of the proceedings.

13.    Ms. Bachovin's final defense is that Capital One does not have standing to foreclose her property. Standing is not a *scire facias* defense; it is an element that the plaintiff

---

[18] *Hancock v. Citifinancial, Inc.*, 878 A.2d 461 (Del. 2005) (unpublished table decision).
[19] *Id.*
[20] 968 A.2d 492 (Del. 2008) (unpublished table decision).
[21] *Id.*
[22] *Id.*
[23] *Id.*

6

must prove by a preponderance of the evidence to succeed in a foreclosure action.[24] The Superior Court discussed this exact issue in *BAC Home Loans Servicing, LP v. Albertson*.[25] In that case, the defendants purchased a note from Quicken Loans Inc. and received a mortgage from MERS, as nominee for Quicken Loans.[26] About a year later, the vice president of MERS assigned the mortgage to the plaintiff in front of two witnesses.[27] The plaintiff brought an *in rem* foreclosure action after the defendants defaulted.[28] The defendants argued that the plaintiff was not a proper party.[29] The Court held that "Delaware courts will not invalidate a mortgage assignment merely because it is assigned by MERS."[30] A valid assignment only needs to be attested to by one credible witness.[31] Further, the defendants did not have standing to challenge the assignment because they were neither a party nor a third-party beneficiary to the contract.[32]

14.     In this case, Capital One received the mortgage through an assignment from MERS, who acted as the nominee for Countrywide. As the Court explained in *BAC Home Loans*, MERS was able to assign the mortgage as Countrywide's nominee. In addition, Ms. Bachovin does not have standing to challenge the validity of the assignment because she is neither a party nor a third-party beneficiary to the assignment contract. Therefore, the Court strikes the fourth defense.

15.      In her amended Affidavit, Ms. Bachovin claims that the mortgage documents in the Amended Complaint are not the ones that she signed. This is a question of material fact that should not be decided in a Motion for Default Judgment.

---

[24] *Deutsche Bank Nat. Trust Co. v. Goldfeder*, No. 08L-10-197, 2014 WL 7692441, at *3 (Del. Super. Dec. 9, 2014).
[25] No. K10L-11-105, 2014 WL 637659 (Del. Super. Feb. 10, 2014).
[26] *Id.* at *1.
[27] *Id.*
[28] *Id.*
[29] *Id.* at *2-3.
[30] *Id.* at *3.
[31] *Id.*
[32] *Id.* at *3-4.

7

16.     Capital One also argues in its July 21 Letter that the fraud and illegality claims are barred under Delaware's statute of limitations.  Delaware has a three-year statute of limitations, though it may be tolled in specific circumstances.[33]  Here, the claims would be barred if the statute of limitations began to run at the time of the refinancing in April 2007.  It is unclear from the facts presented, however, whether a tolling exception applies, so it is premature for the Court to decide whether the defenses are time-barred.

## CONCLUSION

The Court will allow Ms. Bachovin to amend her affidavit to include the second and third defenses.  Their strength is questionable, but it would be inappropriate for the Court to dismiss them at this stage in the proceedings.  The first and fourth defenses, however, are stricken.  Because Ms. Bachovin raised two viable defenses, the Court will deny the Motion for Default Judgment.  For the foregoing reasons the Motion for Default Judgment is **GRANTED in part and DENIED in part**; and, the Motion to Amend is **GRANTED in part and DENIED in part**.

**IT IS SO ORDERED.**

October 7, 2015
Wilmington, Delaware

/s/ *Eric M. Davis*
Eric M. Davis, Judge

---

[33] 10 *Del. C.* § 8106; *Puig v. Seminole Night Club*, No. 5495, 2011 WL 3275948, at *4 (Del. Ch. Jul. 24, 2011); *Smith v. Mattia*, No. 4498, 2010 WL 412030, at *4 (Del. Ch. Feb. 1, 2010).

8