MARY B. NAUDAIN ADAIR (formerly Mary B. Naudain),

*vs.*

HARRIET I. NEWLIN, Administratrix d. b. n. c. t. a. of James
B. Newlin, deceased, HARRY EMMONS and JAMES LOGUE,
Sheriff of New Castle County.

*New Castle, March 5, 1917.*

Set-off cannot be pleaded by defendant in a *scire facias* action in
Superior Court to revive judgment.

Mere existence of cross-demands will not justify an equitable set-
off, but there must be a mutual credit or a knowledge on both sides of
an existing debt due one party and a credit by the other party, founded
upon and trusting to such debt as a means of discharging it.

Equitable set-off against levy on execution will not be allowed for
credits arising in an independent proceeding in which the same party was
plaintiff, but in which complainant's mother was defendant; complain-
ant then having no legal interest therein, and there being no mutuality
of credits or special equities.

An equitable set-off will not be allowed for a stale demand, showing
on its face that it could not have been set up at law.

Equitable set-off against levy of an execution will not be allowed
for services rendered and money advanced by complainant's husband;
no mutuality of credits or special equities existing.

INJUNCTION BILL.  The complainant, being one of several
defendants in a judgment obtained in the Superior Court by
the assignor of Harriet I. Newlin, administratrix d. b. n. c. t. a.
of James B. Newlin, deceased, filed the bill of complaint for
the purpose of restraining the sheriff from selling real estate of
the complainant under a writ of execution issued upon the
judgment.  This bill alleges that the complainant is entitled
to set-offs of amounts aggregating more than the debt stated
in the judgment.  Answers were filed on behalf of Harriet I.
Newlin, administratrix as aforesaid, and Harry Emmons, two
of the defendants, and thereafter an amended bill was permitted

to be filed by order of the Chancellor without notice to the solicitor for said defendants. At a subsequent date the solicitor for said defendants made a motion for the reconsideration of the order allowing the amendments, and asked that they be disallowed because the defendants had not had opportunity to object to the filing thereof. At the same time a motion was made to strike from the bill of complainant eight paragraphs containing allegations of set-off because of irrelevancy and impertinence, both of which motions were argued at the same time.

In considering these motions, doubts arose in the Chancellor's mind as to whether any of the matters alleged as set-off are allowable as such, even if the facts on which they are based be true, and held that if they are not proper subjects of set-off the original bill was demurrable and the amendments should not have been allowed. The Chancellor requested argument of this question, and solicitors for the complainant and two defendants agreed to submit the matter to the Chancellor on written briefs. A brief was filed on behalf of the two defendants, but the solicitor for the complainant failed to file a brief.

The facts pertinent to the matters decided are sufficiently stated in the following opinion.

*Artemas Smith*, for the complainant.

*Harry Emmons*, for the defendants, Harriet I. Newlin, Administratrix d. b. n. c. t. a. of James B. Newlin, deceased, and Harry Emmons.

THE CHANCELLOR. The bill is that of one of several defendants in a judgment to perpetually enjoin the collection of it because of set-offs of several amounts aggregating more than the debt stated in the judgment.

On July 8, 1903, judgment was entered in the Superior Court for New Castle County in favor of Emma A. Newlin, assignee of Julia A. P. Adair, against Mary B. Naudain Adair, then Mary B. Naudain, and others, for the real debt of $2,000. After the death of the plaintiff in 1904, the judgment was on

May 21, 1912, marked by her administrator to the use of Harriet I. Newlin, administratrix d. b. n. c. t. a. of James B. Newlin, deceased. Later on a *scire facias* on the judgment against the complainant and others, judgment was entered October 4, 1912, in favor of the use of plaintiff in the judgment for $2,000 and interest from July 8, 1904, notwithstanding an affidavit of defense filed, being No. 99 to the September term, 1912. A writ of *venditioni exponas* was then issued on this latter judgment, and two lots of land belonging to the complainant were advertised to be sold by the sheriff on December 21, 1912, viz: (1) at the southwest corner of Fifth and French streets, and (2) No. 108 East Fifth street, and it was further proceedings under this writ which the bill sought to prevent.

The matters claimed to constitute equitable set-offs to the judgment were these:

(1) In 1906 Harriet I. Newlin, administratrix d. b. n. c. t. a. of James B. Newlin, deceased, held a mortgage, not on the premises of the complainant above mentioned, but on other property, a lot of land at Eighth and Monroe Streets, then owned, not by the complainant, but by her mother, Jane B. Naudain, and having obtained judgment to collect the mortgage issued a *levari facias* thereon, and in 1906 it was bid in at the sheriff's sale for $4,650 by Harry Emmons, one of the defendants, acting for the said Harriet I. Newlin, administratrix as aforesaid; that Emmons deposited with the sheriff ten per centum of the purchase money; that he afterwards refused to comply with the terms of sale, and the money deposited was repaid to him; that afterwards the same property at Eighth and Monroe Streets was sold by the sheriff for $2,925 under a later writ of *levari facias* to Harry Emmons. It was claimed that the complainant is entitled to have credited on the judgment against her, being the one to be enjoined, the sum of $465, the amount of the said deposit made by Emmons with the sheriff (viz: ten per cent. of $4,650), and also $1,575, the loss on the re-sale (viz: the difference between $4,650 on the first sale and $2,925 on the second).

(2) Robert Adair, the husband of the complainant, having rendered professional services to and advanced moneys for

Emma A. Newlin, executrix of the said James B. Newlin, prior to February 27, 1904, delivered to Harriet I. Newlin, administratrix d. b. n. c. t. a. of James B. Newlin, and one of the defendants, a probated account of the amounts so due him, aggregating $2,000, and afterwards, about October 2, 1912, assigned this claim against the estate of James B. Newlin to Julia A. P. Adair, who has assigned it to the complainant.

(3) It is claimed that the sum of $325, which remained in the hands of the sheriff from proceeds of sale of other property of Jane B. Naudain, not above mentioned, viz: No. 904 Poplar Street, in 1905 on another judgment held by a stranger named Hewes, after paying the debt of Hewes, and which sum $325 was applicable to the next lien, viz: the judgment in question in this case.

The prayers of the bill are for a perpetual injunction from making the sale; that Harry Emmons be required to give credit to the defendants for the said sums of $1,575 and $465; that Harriet I. Newlin, administratrix d. b. n. c. t. a., credit the $2,000 claimed by Robert Adair from her for fees; and that the judgment be marked satisfied.

A motion having been made by the defendants to strike out certain paragraphs of the bill as being irrelevant and impertinent, the motion was argued. After considering the matter doubts arose in my mind whether any of the matters alleged as set-off were allowable as such, if proven, and I invited argument of the point, it not having been discussed by counsel. The defendants have filed a brief, but the complainant has not.

It will be seen that the equity of the bill is to establish as an equitable set-off against the judgment matters which were not available to the complainant at law, and the question is, whether admitting the statements of the complainants to be true these counter demands are allowable as set-off. The complainant has had no opportunity in a court of law to establish her right to a set-off, for a plea of set-off could not have been pleaded by her in the *scire facias* action in the Superior Court to revive the judgment. 2 *Woolley on Delaware Practice, p.* 902, § 1333; *Burton v. Willin,* 6 *Houst.* 522, 538, 22 *Am. St. Rep.* 363.

Can the claims of the complainant be set off in equity against the debt due the complainant on her judgment? This seems to be clearly settled. Cross-demands are not necessarily good as set-off. "The mere existence of cross-demands will not be sufficient to justify a set-off in equity." 2 *Story's Equity Jurisprudence*, § 1436. There must be a mutual credit, or, as Judge Story says, "a knowledge on both sides of an existing debt due to one party and a credit by the other party, founded upon and trusting to such debt as a means of discharging it." 2 *Story's Equity Jurisprudence*, § 1435. This has been clearly ruled by the Court of Errors and Appeals in this State in *Small v. Collins*, 6 *Houst.* 273. In that case a judgment debtor afterwards became the assignee of a judgment held by a stranger against the judgment creditor, and sought to use the assigned judgment as an offset against the judgment in which he was a debtor. The court said:

"Our statutes of set-off allow no deduction of one, in such a case, from the other; and a court of equity follows the law in refusing it, unless there be some mutual credit between the parties—that is, understanding between them with respect to such deduction—and it seems to make no difference that the party seeking the deduction can show the insolvency of his creditor, and that he shall lose his assigned debt unless the set-off be allowed."

Finding there no evidence, or pretense of such understanding of set-off, it was refused in that case.

In the case of *Burton v. Willin*, 6 *Houst.* 522, 22 *Am. St. Rep.* 363, also in the Court of Errors and Appeals, set-off in equity was considered. The complainant, Benjamin Burton, had given a recognizance in the Orphans' Court conditioned to pay a certain sum among other persons to his brother, David Burton, but this payment was not made. Then David died, leaving a minor child, Virginia. Benjamin became administrator of his brother's estate, and expended moneys from it to support the minor in excess of her father's share of the recognizance. Afterwards she married Truitt and assigned her interest in the recognizance to Willin, the defendant, who lived in Maryland. Willin then brought *scire facias* suit on the recog-

nizance, and Burton, the recognizor, filed a bill to enjoin the suit, claiming as a set-off the moneys paid for the daughter of Burton. This was allowed by the Court of Errors and Appeals, reversing the Chancellor. The court was clear that the claim could not have been pleaded to the *scire facias* on the recognizance, for it was not a plea of payment, and also because the *scire facias* suit was only to have execution. If it had been an action of debt on the recognizance the set-off would have been pleadable, and because it was not pleadable in the *scire facias* suit and the defense would be otherwise lost to him, the recognizor was allowed it in equity. So, because he was prevented by the technicalities of the law from getting the benefit of his defense to the recognizance, the court of equity granted him the benefit of it by enjoining the further prosecution of the *scire facias* where the debt to be set-off exceeded the amount due on the recognizance. In other words, because he had a defense good as a set-off, and good at law when sued in one form, but not pleadable to the action of *scire facias*, then equity would give him the benefit of it. The court recognized the principle that there should be some understanding between the parties that one claim should be deducted from the other in order to permit a set-off of claims, but said it restricted the privilege of set-off within very narrow limits, and in that case would defeat the set-off because one of the parties was a minor while receiving support from the recognizor and could not make any agreement or create an understanding. Still, notwithstanding this principle admittedly settled, the court did allow the set-off in equity where there was not, and could not be, an understanding between the parties, and as it exceeded the recognizance debt allowed it as a complete defense.

It would seem, then, that there are conflicting decisions on this point as to mutuality. But it is not so really, for the two courts agree as to equitable set-off, and in the latter case allowed the set-off because the assignee of the recognizance was a non-resident, without property in this State, while in the former case seemed to hold that insolvency had no bearing on the right to equitable relief.

The first set-off. It is quite obvious that there is no con-

nection of any kind between the two transactions, except that the same person, viz: Harriet I. Newlin, administratrix d. b. n. c. t. a. of James B. Newlin, was the plaintiff in the *scire facias sur* judgment, the writ which the bill seeks to have enjoined, and in a *scire facias* upon a mortgage on other property owned by a person other than the complainant and in which property at the time the complainant had no legal interest. There were two legal proceedings, and irregularities, if any, in the conduct of the plaintiff, or her legal counsel in either of those proceedings had no relation to or bearing upon the other. The defendant in a judgment held against him by A. has no legal interest in a claim which B., the defendant in another judgment, has against A. arising out of irregularities of A. in collecting his debt from B. Neither at law or in equity can the latter claim be allowed as a set-off or counterclaim, or otherwise be available as a defense to the right of A. to collect his judgment against B., or be used to reduce the amount which A. would otherwise collect on the judgment which he holds against the complainant. In addition, there is no mutuality of credits and in the very nature of the facts there could not have been any. And further, there was no special equity in connection with the facts which arose in favor of the complainant which entitled her to be allowed to set up the facts as a defense by way of set-off. The complainant is, therefore, entitled to no relief in this court in this case based on the matters set out as constituting the first item of set-off.

The second set-off. This claim as an equitable set-off is not meritorious. It is evidently a stale demand, and shows on its face that it could not have been set up at law, and should not be treated in equity as a set-off. The services were rendered and advances of money were made not by the complainant, but by a person who assigned to the complainant the claim for such services and advances. There could never have been an understanding between the complainant and the person to whom the services were rendered and the advances made that the claim therefor should be a set-off against the amount of the judgment. There is, therefore, no right to an equitable set-off even if the claim had not been a stale one. Not only are there

no equities in favor of its being allowed as a set-off if proven, but it would be inequitable to allow it as a set-off.

The third set-off. It was admitted by the solicitor for the defendants that this item should properly be allowed as a credit on the judgment, and it will be so regarded.

From the foregoing it appears that two of the grounds of set-off, if proved to be true, cannot be allowed as such, and that a demurrer to the bill based thereon would be allowed, and that the third one should be so allowed. In case the record and pleadings are so changed as that I can properly apply these principles, I will do so, with the result that the demurrer would be sustained and the bill would be dismissed, provided the defendant allow as a credit on the judgment the sum of $325, referred to above.

Note. After filing above opinion leave was granted defendants to withdraw answers filed, and thereafter defendants filed a demurrer to a portion of the bill and a plea to the remaining portion of the bill, both of which were sustained. The complainant failed to apply for leave to amend the bill in accordance with the Rules of Court, and the bill was dismissed.