Ralph E. GORDY et al., Plaintiffs,

v.

PREFORM BUILDING COMPONENTS, INC., a corporation of the State of Delaware, Defendant.

Superior Court of Delaware, New Castle.

Aug. 13, 1973.

James F. Waehler of Morris, Nichols, Arsht & Tunnell, Wilmington, for plaintiffs.

Thomas Herlihy, III, of Herlihy & Herlihy, Wilmington, for defendant.

OPINION

TAYLOR, Judge.

This is an action of scire facias sur mortgage to foreclose a mortgage executed by defendant in favor of plaintiffs. Subsequent to answer, and during the pendency of plaintiffs' motion for summary judgment, defendant has moved for permission to file a counterclaim seeking judgment against the individual plaintiffs based upon an indemnity agreement whereby the individual plaintiffs agreed to indemnify defendant against certain claims which are now in litigation in Pennsylvania. The indemnity agreement and claims were not a part of the mortgage transaction which is the subject of this mortgage foreclosure action.

The primary issue is whether defendant is entitled to assert this set off in this mortgage foreclosure action. Rule 13 of the Rules of Civil Procedure of this Court requires the filing of compulsory counterclaims and permits the filing of permissive counterclaims. According to the definition in Rule 13(b), a permissive counterclaim is a "claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim." The counterclaim which defendant proposes to file here is a "permissive counterclaim", since it does not arise out of the mortgage transaction asserted in the complaint. The issue, therefore, is whether this proposed counterclaim not arising out of the mortgage transaction may be asserted in this mortgage foreclosure proceeding.

No case has been cited dealing with the right to plead set off or counterclaim in an action scire facias sur mortgage.

The writ of scire facias is used in connection with proceedings founded upon a matter of record, such as a judgment, recognizance or upon a mortgage or mechanics lien. 2 Woolley on Delaware Practice, p. 889, § 1309, p. 932, § 1386. Decisions involving the other applications of the writ of scire facias are of assistance.

A more recent case involving the availability of counterclaim or set off in a scire facias action is Stockman v. McKee, Del. Super. 6 Terry 274, 71 A.2d 875 (1950). Stockman involved a counterclaim filed in a scire facias sur mechanics lien action. The counterclaim was for a claim which arose out of a different transaction than the mechanics lien transaction. Under the statute which then governed mechanics lien proceedings, an action sci. fa. sur mechanics lien could not result in an in personam judgment.[1] Based upon earlier decisions involving scire facias actions, then Judge Wolcott dismissed the counterclaim which involved a transaction unrelated to the mechanics lien transaction, holding that such counterclaim is not permitted in a scire facias action. Defendant contends that Stockman incorrectly relied upon earlier

---

1. The mechanics lien statute was amended when it was incorporated in the Delaware Code of 1953 to permit the mechanics lien action and the related in personam action to be combined. 25 Del.C. § 2712; Lance Roofing Co. v. Globe-Union, Inc., Del.Super., 4 Storey 514, 180 A.2d 746 (1962). This statute did not change the effect of Stockman where a complaint did not combine the sci. fa. action and the in personam action.

Delaware decisions and that such decisions actually support defendant's position that a permissible counterclaim may be asserted.

In Burton v. Willin, Del.Ct.Err. & App., Houst. 522 (1883) the Delaware Court of Errors and Appeals upon an appeal from the Court of Chancery held that a scire facias action upon a recognizance in the Superior Court should be enjoined where a set off exceeding the amount sought in the scire facias action had been proved. One issue before that Court was whether an adequate remedy existed at law to assert the set off. The Court held that set off was not available as a defense in the Superior Court against the sci. fa. action. In reaching its conclusion that set off is not available in a sci. fa. action at law, one reason given was that the nature of the sci. fa. proceeding is to "have execution" and is not compatible with set off "where the debt yet remains to be proved and judgment recovered". The Court of Errors and Appeals distinguished between an action of debt where the set off would have been permitted and a sci. fa. action where because of its singular nature set off was not permitted to be litigated in the sci. fa. action at law.

The rule forbidding set off as a defense to a sci. fa. action at law was applied by this Court in DeFord v. Green, Del.Super., 1 Marv. 316, 40 A. 1120 (1894). It was recognized as the correct statement of the law in 2 Woolley on Delaware Practice 902, § 1333, citing *Burton* and *DeFord.* Again, in Adair v. Newlin, 11 Del.Ch. 242, 100 A. 792 (1917) the same rule was applied to permit a credit or set off in Chancery.

All of the early cases cited in this review of the historic exclusion of set off as a defense to an action of sci. fa. have involved sci. fa. actions on recognizance or judgment, which the cases have character-ized as actions upon a record. Woolley states that "The writ of sci. fa. sur mortgage, like all process of sci. fa., is founded upon a record, the record in sci. fa. sur mortgage of course, being the mortgage." 2 Woolley on Delaware Practice 918, § 1358. Hence "Pleadings in a sci. fa. sur mortgage are conducted in substantially the same manner and are governed by substantially the same rules as apply in cases of sci. fa. sur judgment." Ibid, p. 926, § 1371.[2]

■ Reference to the statutory provisions relating to the action of sci. fa. sur mortgage may be of assistance. Prior to the adoption of the Delaware Code of 1953, defenses in sci. fa. sur mortgage were governed by the following provision:

"The defendant in a scire facias on a mortgage, may plead satisfaction, or payment, of all, or any part of the mortgage money, or any other lawful plea in avoidance of the deed, as the case may require. Revised Code of Delaware, 1935, par. 4859, Ch. 133, & 68."[3]

Set off as alleged here is not a satisfaction or payment of the mortgage. Burton v. Willin, supra. The remaining plea permitted under the quoted section was "plea in avoidance of the deed". It appears that this language was intended to refer to the common law plea known as confession and avoidance. Such plea admits the allegations of the complaint but asserts matter which destroys the effect of the allegations and defeats the plaintiff's right. Bavarian Brewing Company v. Retkowski, Del.Super., 1 W.W.Harr. 225, 113 A. 903 (1921). It appears that an allegation "in avoidance" must relate to the subject matter of the complaint. 71 C.J.S. Pleading §§ 163–166, pp. 336–342. Examples of matters which could be asserted under a plea in confession and avoidance are: act of God, assignment of cause of action, conditional liability, discharge, duress, exception or

2. Voigtmann v. Wilmington Trust Bldg. Corp., Del.Super., 78 A. 920 (1908), distinguished sci. fa. on mechanics lien from sci. fa. on a record, holding that set off is permissible in the mechanics lien action because in such case there is no record establishing the amount of the indebtedness. Hence, in the mechanics lien action set off was permitted to the extent available in an action of assumpsit.

3. The provision in almost identical language had its origin in 1 Del.Laws 113.

proviso of statute, forfeiture, fraud, illegality of transaction, justification, nonperformance of condition precedent, ratification, unjust enrichment and waiver. Ibid, pp. 341–342, § 166. No authority has been found which extended the plea to matters other than those relating in some degree to the transaction sued upon. Hence, historically under the Delaware statute which authorized sci. fa. sur mortgage actions, set off was not a permissible defense, and the counterclaim which defendant seeks to assert would not have been permitted. Thus, set off was not permitted either by the statute or by the decisional law relating to sci. fa. actions based upon a record.

The Delaware Code of 1953 omitted the paragraph quoted above relating to pleas permitted in sci. fa. sur mortgage actions. This was done, no doubt, because common law pleading had been abolished in Delaware and pleadings were covered by rules of this Court. However, nothing in the statute as it now exists (10 Del.C. §§ 5061–67) shows a legislative purpose to permit set off or to depart from the recognized case law. Nothing in the Rules of this Court shows an intent to apply the permissive counterclaim specifically to sci. fa. actions.

■ In Stockman v. McKee, supra, this Court concluded that the Rules of this Court did not have the effect of materially and substantially changing the procedure of the statutory mechanics lien law which had been well established prior to such rules so as to encompass permissive counterclaims. Then Judge Wolcott concluded that such a counterclaim would infuse an in personam litigation and judgment based upon a different transaction into an action which was essentially an in rem action. As noted in Voigtmann v. Wilmington Trust Bldg. Corp., Del.Super., 7 Pennewill 265, 78 A. 920 (1908), the area of proof in sci. fa. sur mechanics lien is greater than in sci. fa. sur mortgage, the latter being an action on a record. The reasoning of

*Stockman* is applicable here. Accordingly, the Court concludes that, in the light of the long line of precedents and the nature of the proceedings, the permissive counterclaim sought to be asserted in this sci. fa. action in this Court is not properly allowable and the motion of defendant is denied.[4]

Defendant also contends that the pleadings in this case do not meet the requirements of 10 Del.C. § 5061. The language referred to by defendant relates to the content of the writ scire facias which this Court is to issue to the sheriff for service upon defendant. The statute provides that the mortgagee may "sue out of the Superior Court . . . a writ of scire facias upon such mortgage" directing the sheriff to make known to the defendant certain information relating to the proceeding. Under the terms of the statute, it is the writ which must meet the standards of the statute. The writ issued in this action conforms to Form 1(p) of the Forms attached to the Civil Rules of this Court. It is true that the form departs from the detailed statutory language. The statutory language requires that the defendant be directed to appear and show cause why the mortgaged premises should not be seized and taken in execution for payment of the mortgage money and damages. The form writ which was issued requires the defendant to answer the complaint (and file an affidavit of defense if an affidavit of demand was filed), and admonishes that upon failure to do so "judgment by default will be rendered against you for the relief demanded in the complaint".

■ The prescribed form of complaint in a sci. fa. sur mortgage action (Form 13) contains a prayer for judgment on the mortgage against defendant in a specified amount "to be levied out of the premises described in the mortgage". The quoted language of the form complaint is the substantial equivalent of the language found in 10 Del.C. § 5061. Hence, the reference in the form writ to "relief demanded in the

4. The counterclaim is against only two of the three mortgages. In view of the conclusion reached herein, it is unnecessary to consider whether or not this might have a bearing on the allowance of the motion.

complaint" incorporates by reference the language of the form complaint, thereby satisfying the writ requirements of the statute. Under the Rules a copy of the complaint is required to be served upon defendant together with a copy of the writ.

■ Broad powers exist in this Court to govern practice and procedure in its Court. 10 Del.C. §§ 561, 562. The Forms attached to the Rules will be considered to satisfy the requirements for practice and procedure in this Court. Mackey v. O'Neal, Del.Super., 8 Terry 483, 93 A.2d 526 (1952). Accordingly, the Court holds that a writ complying with Form 1(p) and a complaint complying with Form 13 together satisfy the requirements of 10 Del. C. § 5061.

Plaintiffs have moved for summary judgment and have filed supporting affidavits. No counter facts under oath have been filed by defendant. Defendant has relied solely upon the proposed counterclaim discussed above. Accordingly, plaintiffs' motion for summary judgment is granted.

It is so ordered.