IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOHN P. McCAFFERTY and MELISSA A. McCAFFERTY, | § § § | No. 421, 2014 |
| Defendants Below, Appellants, | § § § § | Court Below–Superior Court of the State of Delaware in and for New Castle County |
| v. | § § | C.A. No. N09L-10-243 |
| WELLS FARGO BANK, N.A., | § § | |
| Plaintiff Below, Appellee. | § § § | |

Submitted: September 22, 2014
Decided: December 8, 2014

Before **HOLLAND**, **RIDGELY** and **VAUGHN**, Justices.

**O R D E R**

This 8th day of December 2014, upon consideration of the appellants' opening brief and the appellee's motion to affirm, it appears to the Court that:

(1) The defendants-below/appellants, John P. McCafferty and Melissa A. McCafferty (hereinafter "the McCaffertys") have filed an appeal from a *scire facias sur* mortgage action (hereinafter "mortgage foreclosure action") brought against them by the plaintiff-below/appellee, Wells Fargo Bank, N.A. (hereinafter "Wells Fargo"). The McCaffertys seek review of the Superior Court's opinions of January 14, 2014 and orders of February 11, 2014 and August 1, 2014. The January 14 opinions ruled on the parties' cross motions for summary judgment,

denying summary judgment on the McCaffertys' motion and granting summary judgment to Wells Fargo on the issue of liability. The February 11 order denied the McCaffertys' motion for reconsideration of the January 14 opinions, and the August 1 final order awarded damages to Wells Fargo. Wells Fargo has moved to affirm the Superior Court judgment on the ground that it is manifest on the face of the McCaffertys' opening brief that the appeal is without merit. We agree and affirm.

(2) In 2005, the McCaffertys executed a thirty-year mortgage securing a $200,000.00 loan against residential property located in Claymont, Delaware. Under the terms of the mortgage, the McCaffertys promised to pay the loan in monthly installments. The mortgage also provided that if the McCaffertys defaulted, Wells Fargo could require immediate payment in full on the loan secured by the mortgage.

(3) In 2009, Wells Fargo brought a mortgage foreclosure action alleging that the McCaffertys had failed to pay the monthly installments required under the mortgage. In their answer to Wells Fargo's complaint, the McCaffertys raised affirmative defenses, including "estoppel, waiver, laches and/or acquiescence," and counterclaims, including "illegal consumer collection." Later, the McCaffertys

stipulated to a dismissal of the counterclaims after the parties determined that the claims were beyond the scope of the mortgage foreclosure action.[1]

(4) Among other motions filed during the course of the mortgage foreclosure action, the McCaffertys filed motions "to strike evidence" and "to compel modification agreement," which were denied, and a motion to dismiss, claiming that Wells Fargo lacked standing to bring the action. At a hearing on July 3, 2013, and in an order of the same date, the Superior Court denied the motion to dismiss.

(5) In December 2013, the parties filed cross motions for summary judgment. After a hearing on January 10, 2014, the Superior Court issued an opinion on January 14, 2014, denying the McCaffertys' summary judgment motion. The Superior Court concluded:

> [A]lthough [the McCaffertys] assert that an alleged "HAMP modification agreement" is controlling, [they] have not produced evidence of such an agreement and have not asserted any permissible defenses in the *scire facias sur* mortgage action arising from the Mortgage. Because the parties have not entered into any modification agreements, the Mortgage remains valid and enforceable as a matter of law.

---

[1] After stipulating to the dismissal of the counterclaims in the *in rem* mortgage foreclosure action, the McCaffertys filed an *in personam* complaint alleging breach of contract, unfair and deceptive business practice, negligence/gross negligence, and unjust enrichment against Wells Fargo and Federal Home Loan Mortgage Corporation. *McCafferty v. Wells Fargo Bank*, Del. Super., C.A. No. N13C-07-042. The case is pending in the Superior Court.

In a separate opinion issued the same date, the Superior Court granted summary judgment to Wells Fargo on the issue of liability. The Superior Court concluded:

> Based on the facts and circumstances, there is no genuine issue of material fact concerning the validity of the Mortgage, its enforceability, [the McCaffertys'] breach, or [Wells Fargo's] entitlement to accelerate the balance and proceed with foreclosure. While [the McCaffertys] raise a number of allegations to challenge summary judgment, [they] have not proved the existence of any material issues of fact nor have they pled any permissible defenses in the *scire facias sur* mortgage action.

(6) On January 28, 2014, the McCaffertys filed a motion seeking reconsideration of the Superior Court's January 14 opinions. By order dated February 11, 2014, the Superior Court denied the motion for reconsideration as untimely under Superior Court Civil Rule 59 and as without merit.

(7) The Superior Court then referred the issue of damages to a Commissioner. After briefing and an inquisition hearing, the Commissioner issued an order on June 23, 2014, awarding $290,538.71 in damages to Wells Fargo. Neither party filed objections to the Commissioner's order. Upon review of the order, the parties' briefs and the transcript of the inquisition hearing, the Superior Court entered final judgment on August 1, 2014 in the amount of $290,538.71. This appeal followed.

(8) In a mortgage foreclosure action, a mortgagor must establish why the mortgaged property should not be seized and sold to pay the mortgagor's

4

indebtedness.[2] A mortgagor's defenses in a mortgage foreclosure action are limited to defenses to the mortgagor's obligations under the mortgage.[3] Stated another way, a defense that does not relate to the mortgage is not properly raised in a mortgage foreclosure action.[4]

(9) We review the Superior Court's grant or denial of a summary judgment motion *de novo*.[5] On a motion for summary judgment, the moving party must demonstrate that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law.[6]

(10) On appeal, the McCaffertys have raised a number of claims that they pursued without success in the Superior Court. Wells Fargo contends that summary affirmance on appeal is appropriate because the McCaffertys' claims before this Court, as in the Superior Court, have no bearing on the entry of summary judgment, which was based on the McCaffertys' default under the mortgage.

---

[2] 10 Del. C. § 3901.

[3] *See Brooks v. BAC Home Loans Servicing*, 2012 WL 3637238 (Del. Aug. 23, 2012) (citing *Gordy v. Preform Bldg. Components, Inc.*, 310 A.2d 893, 895 (Del. Super. 1973) (providing that defenses to a foreclosure action are limited to payment, satisfaction, absence of seal, or a plea in avoidance of the deed))).

[4] *See Harmon v. Wilmington Trust Co.*, 1995 WL 379214 (Del. June 19, 1995) (citing *Gordy v. Preform Bldg. Components, Inc.*, 310 A.2d 893, 896 (Del. Super. 1973)).

[5] *ConAgra Foods Inc. v. Lexington Ins. Co.*, 21 A.3d 62, 68 (Del. 2011).

[6] Del. Super. Ct. Civ. R. 56(c).

(11) The McCaffertys claim that Wells Fargo lacked standing to bring the mortgage foreclosure action. The Superior Court denied the claim on July 3, 2013, ruling that Wells Fargo, as record holder and mortgagee, had standing to bring the mortgage foreclosure action. The Superior Court reiterated the July 3, 2013 ruling in the January 14 opinion granting summary judgment, stating that Wells Fargo "has standing to initiate and pursue this foreclosure action pursuant to 10 *Del. C.* § 5061 and the Mortgage itself," which was "duly recorded." Having considered the parties' positions on appeal, we agree that Wells Fargo had standing to bring the mortgage foreclosure action and conclude that the McCaffertys' claim to the contrary is without merit.

(12) The McCaffertys claim that Wells Fargo was precluded from bringing the foreclosure action because it made an oral offer to modify the repayment terms of the loan secured by the mortgage. In the January 14 opinions, however, the Superior Court concluded otherwise, finding that there was no agreement to modify the mortgage, and that the mortgage remained "valid and enforceable as a matter of law." The court further determined that the parties' post-default negotiations were not a valid defense in the mortgage foreclosure action, because the negotiations did not concern the validity or legality of the mortgage documents. On appeal, the McCaffertys have not demonstrated material issues of fact supporting their claim that the parties agreed to a modification of the repayment

6

terms or that the existence of such an agreement was a valid defense to the mortgage foreclosure action.

(13) Finally, the McCaffertys claim that they were denied their statutory right to mediation. When granting summary judgment, the Superior Court noted that the McCaffertys were *not* eligible for mediation under the statute because Wells Fargo's mortgage foreclosure action was filed in October 2009, pre-dating the mediation statute, which was codified in 2011. Moreover, the Superior Court noted that "there [was] no indication from [the McCaffertys] (or otherwise) that they elected to enter the Mediation Program pursuant to Superior Court Administrative Directive 2009-3," which governed mortgage foreclosures filed after September 2009. On appeal, we can discern no error in the Superior Court's rejection of the McCaffertys' claim that they were entitled to and denied mediation.[7]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Henry duPont Ridgely
Justice

---

[7] *See* 10 Del. C. § 5602C (codifying Residential Mortgage Foreclosure Mediation Program) (originally enacted Sept. 21, 2011)); Administrative Directive of the Superior Court, No. 2013-2 (May 28, 2013) (providing that Administrative Directive No. 2009-3 remains in effect and governs foreclosure actions filed prior to the effective date of 10 Del. C. § 5602C) (available at http://courts.delaware.gov/Superior/pdf/Administrative_Directive_2013_2.pdf)).

7