IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR SUSSEX COUNTY

Nationstar Mortgage, LLC,              :
           Plaintiff,                       :            C.A. No: S14L-06-002 (RFS)
                                       :
    v.                                 :
                                       :
Lee Ann Sears,                         :
a/k/a LeeAnn Sears,                    :
                                       :
           Defendant.                       :

## *MEMORANDUM OPINION*

Upon Plaintiff's Motion for Summary Judgment. **Granted.**

Date Submitted: July 28, 2015

Date Decided: August 7, 2015

Matthew G. Summers, Esq., Jessica C. Watt, Esq., Erika R. Caesar, Esq., Ballard Spahr LLP, 919 North Market Street, 11th Floor, Wilmington, Delaware 19801, Plaintiff

LeeAnn Sears, 10 Pondview Lane, Lewes Delaware, 19958, Pro Se Defendant

STOKES, J.

Before the Court is the Motion for Summary Judgment of Plaintiff Nationstar Mortgage LLC, ("Nationstar"), against Defendant LeeAnn Sears ("Sears"). This is a mortgage foreclosure case in which Nationstar seeks to foreclose on residential property ("Property") owned by Sears.[1]

## PROCEDURAL POSTURE

Twenty-six months after Sears' entry of default on her loan, Nationstar initiated a *scire facias sur* mortgage foreclosure action on Property on June 2, 2014. On October 20, 2014, the parties attempted to resolve this dispute through mediation, but no settlement was reached. Following the parties attempt to mediate, Sears filed an answer and a counterclaim. Nationstar sought to dismiss the counterclaim, as it was an improper claim on November 10, 2014. In response to Nationstar's Motion to Dismiss, Sears conceded the counterclaim was improper. On December 3, 2014, this Court entered an order dismissing the counterclaim with prejudice. Sears filed another answer on January 2, 2015.

---

[1] The subject property is located in Sussex County, Delaware at 10 Pondview Lane, Lewes Delaware, 19958.

On July 6, 2015, Nationstar filed this Motion for Summary Judgment presently before the Court. On July 22, 2015, Sears filed a Response to Nationstar's Motion for Summary Judgment.

## STATEMENT OF THE FACTS

Sears entered into a transaction with American Home Mortgage Corp., ("Original Lender"), on November 18, 2005. Original Lender loaned Sears the amount of 299,200.00 dollars, ("Loan"), and Sears executed an Interest-Only Period Fixed Rate, ("Note"), in connection with the loan which included several provisions. Pertinently, the Note required Sears to repay the Loan, provided Original Lender first-priority lien and security interest in the Property as security for the Loan, ("Mortgage"). The Mortgage was duly recorded with the Recorder of Deeds for Sussex County.[2]

Sears acquired property by paying the purchase price of 375,000 dollars with the proceeds from the Loan and 30,000 dollars she acquired from other sources. At the closing, Lawrence Steele, the closing attorney, explained the terms of the Mortgage to Sears including consequences for the failure to pay the mortgage—such as foreclosure. There were no concerns raised at the closing regarding Sears'

---

[2] The mortgage was recorded in Book 008247, Page 001 *et seq.*

ability to pay, or about information listed on the application including the amount of income.

Prior to acquiring the Property, Sears lived in the same development in another unit located in an older phase of the development ("Plantation West Property").[3] Property differed from Plantation West Property in that the unit was an end unit on a townhome located on a pond. Also, the homeowners association and condominium association fees for the Property were 730 dollars quarterly whereas the fees for the Plantation West Property were 375 dollars quarterly.

For a period of time, between November 18, 2005 and sometime in 2008, Sears owned both properties—Property and Plantation West Property. During this time, Sears rented the Plantation West Property to a tenant in exchange for 800 dollars per month until it was sold in a short sale in the summer of 2008.

On January 23, 2009, the Loan was modified. The following changes were made: the maturity date was extended, the payments were changed from interest only to principal and interest payments, and the interest rate was lowered to 4.375 percent.

On June 26, 2012, Sears filed a voluntary petition for bankruptcy in the United Stated District Court for the District of Delaware. Attached to Sears'

---

[3] 11-H Plantations East, Lewes, Delaware 19958 is the location of Sears' prior property.

petition were Schedules A-J, and a Statement of Financial Affairs. In Schedule A, Sears listed the Property as having a value of 250,000 dollars and being subject to a secured claim under the Mortgage in the amount of 250,000 dollars. In Schedule B, Sears states she did not have any claims of any nature and did not have any personal property of any kind that was not already listed in the petition. In Schedule D, Sears listed the outstanding amount of the Loan secured by the Property as being 294,233 dollars. In Schedule F, Sears listed 144,289.63 in unsecured debt.

Sears did not allege the Mortgage, Note, or Loan was invalid in either the Schedules or the Statement of Financial Affairs submitted to the Bankruptcy Court. Rather, the Sears' petition was being entertained by the District Court with the understanding that the Loan was valid and the amount owed on the Loan exceeded the value of the Property based on Sears' sworn testimony throughout the proceedings.

Sears' case was treated as a no asset case on account of Sears' failure to disclose, or raise any concerns regarding the validity of Mortgage, Note, or Loan. Accordingly, none of Sears' assets were sold by the trustee. On September 18, 2012, Sears obtained a discharge of 144,000 dollars of unsecured debt.

Pursuant to the Note, Sears was obligated to make monthly payments on the Note. Sears dutifully made payments from January 1, 2006 through March 2012. In May of 2012, Sears defaulted on the loan[4] by failing to make any payments due that month and on any month thereafter. To date, the last loan payment was made in April of 2012 and Sears has failed to make payments for 38 consecutive months.

On August 29, 2012, the Mortgage was assigned to Nationstar pursuant to an Assignment of Mortgage, ("Mortgage Assignment"). The Mortgage Assignment was recorded.[5] The original executed Note is presently in the possession of Nationstar.

Twenty-six months from the default, Nationstar initiated a *scire facias sur* mortgage foreclosure action on Property on June 2, 2014. According to Nationstar's records, Sears owes 343,255.18 dollars as of July 2, 2015. This amount includes 294,233.27 dollars in the principal amount, interest through July 2, 2015 in the amount of 41, 871.74 dollars, and escrow advances for taxes and/or insurance in the amount of 2,471.37 dollars, and other advances and expenses in the amount of 4,006.78 dollars, and late charges in the amount of 672.02 dollars.

---

[4] The Note provides:
"**Default**
If I do not pay the full amount of each monthly payment on the date it is due, I will be in default." Pl.'s Ex. A at 41.

[5] The Mortgage Assignment was recorded in the Land Records Book at 13417, page 216 and was notarized by Deb Seibert, a general notary in the State of Nebraska.

Interest on the balance owed by Sears will continue to accrue from the date of entry of judgment at the per diem rate of 35.27 dollars.

## STANDARD OF REVIEW

Summary judgment is appropriate only if the moving party establishes that there are no genuine issues of material fact in dispute and judgment may be granted as a matter of law.[6] It is the moving party's burden to establish the absence of material factual disputes.[7] On the other hand, if the record reflects a material factual dispute, or a need exists to clarify the application of law to the underlying matter than summary judgment may not be granted.[8] The Delaware Supreme Court illustrates the parameters of granting summary judgment as follows:

> *Under no circumstances, however, will summary judgment be granted when, from the evidence produced, there is a reasonable indication that a material fact is in dispute. Nor will summary judgment be granted if, upon an examination of all the facts, it seems desirable to inquire thoroughly into them in order to clarify the application of the law to the circumstances.[9]*

---

[6] Super. Ct. Civ. R. 56 (c) (providing summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show there is not genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law).

[7] *Gray v. Allstate Ins. Co.*, 2007 WL 1334563, at *1 (Del. Super. May 2, 2007) (explaining how "the moving party bears the burden of establishing the non-existence of material issues of fact").

[8] *Mumford & Miller Concrete, Inc. v. New Castle Cnty.*, 2007 WL 404771, at *1 (Del. Super. Jan. 31, 2007).

[9] *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (1962).

In considering a motion for summary judgment, the Court views the facts in the light most favorable to the non-moving party.[10] If the moving party properly supports their motion, the burden then shifts to the non-moving party to rebut the contention that no material issues of fact exist.[11] In order to rebut, the non-moving party must establish genuine issues of material fact by "do[ing] more than simply show[ing] that there is some metaphysical doubt as to material facts."[12] Conversely, if the facts "permit a reasonable person to draw only one inference, the question becomes one for decision as a matter of law."[13]

## DISCUSSION

Pursuant to Superior Court Civil Rule 56, summary judgment is appropriate in this case. Plaintiff, as the moving party, is required to show that there are no genuine issues of material fact.[14] In the *scire facias sur* Mortgage Complaint, Nationstar alleges Sears is in default of her Mortgage, with interest, late charges, and advances to the date of confirmation and reasonable attorney's fees and costs. This is undisputed.

---

[10] *Merrill v. Crothall-American, Inc.*, 606 A.2d 96, 99 (Del. 1992).
[11] *Id.*
[12] *Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).
[13] *Tyson Foods, Inc. v. Allstate Ins. Col.,* 2011 WL 3926195, at *4 (Del. Super. Aug. 31, 2011).
[14] Super. Ct. Civ. R. 56 (c).

The Delaware Supreme Court has held there a limited number of defenses available for an *in scire facias sur* mortgage action. No legally recognized defenses to an *in scire facias sur* mortgage action[15] were raised in Sears' Answer or Response to Plaintiff's Motion for Summary Judgment. Although, Sears filed a Response with the Court, the Response was unresponsive to Plaintiff's pleading. In the Response, Sears discusses pre-trial stipulations and a case scheduling order, but does not respond to Nationstar' legal allegations or raise a genuine material fact in dispute.

In some instances, Delaware Courts have provided leeway, particularly to pro se parties, when it comes to the rules of the court.[16] Nonetheless, the pro se status of a party does not excuse the failure to timely respond to pleadings or overcome the failure to raise a valid defense or genuine factual dispute. In this case, it was crystal clear in the scheduling order that a response to Plaintiff's Motion for Summary Judgment was required by July 22, 2015. Sears filed a Response to Plaintiff's Motion for Summary Judgment, but did not respond to the

---

[15] *Christiana Falls, L.P. v. First Fed. Sav. & Loan Ass'n of Norwalk,* 520 A.2d 669 (Del.1986), *aff'g* 1986 WL 9916 (Del.Super.Ct. Sept. 9, 1986) (citing *Gordy v. Preform Bldg. Components, Inc.,* 310 A.2d 893, 895–96 and 10 *Del. C.* § 5061).

[16] *Smith v. Christina Sch. Dist.,* 1996 WL 757282, at *1 (Del. Ch. Jan. 2, 1997) (noting in this case the Court was "mindful that the plaintiff [wa]s proceeding *pro se,* and will interpret his pleading leniently").

legal allegations contained therein. Sears' pro se status does not excuse the failure to be responsive to Plaintiff's allegations.

Nationstar was not required to provide a response to Sear's inquiries prior to Sears filing an appropriate Response to Plaintiff's Motion for Summary Judgment. In order to survive summary judgment, Sears was required to respond to Nationstar's legal arguments or attempt to raise a material factual dispute. Sears did not. Thus, Sears has failed to set forth specific facts that a genuine issue of material fact exists and she has raised no defenses that may be properly asserted in an action for *scire facias sur* mortgage. Based on this failure and the reasons stated below, Plaintiff is entitled to summary judgment as a matter of law.

Nationstar has satisfied its burden and is entitled to entry of an order of summary judgment in its favor. It is undisputed Sears is in substantial payment default and has not submitted payments pursuant to the Note for over three years. Nationstar successfully established that: (1) Nationstar is the proper party to enforce the Note that Sears has defaulted on, (2) Sears lacks standing to the validity of the assignment of the note, (3) Sears should be estopped from asserting defenses following the discharge of debt after the bankruptcy proceeding.

Under Delaware law, a mortgagee or the assignee of a mortgagee's interest has standing to pursue foreclosure.[17] The assignment in this case was valid because it operated to convey all the rights, and interest of the assignor, was attested to by a credible witness, and notarized.[18] As such, Nationstar is a valid assignee of the mortgagee.[19] As a valid assignee Nationstar is the proper party to enforce the Note.

Also, Nationstar is the proper party to foreclose against the property in accordance with the Uniform Commercial Code as adopted in Delaware.[20] Nationstar is the proper party in this case because Nationstar is in possession of the original executed note that was indorsed in blank. A promissory note is a negotiable instrument.[21] A promissory note that fails to provide for a payee creates bearer paper.[22] Bearer paper is enforceable by a holder in possession and is considered to be indorsed in blank.[23] Here, the original note did not state a payee, and the original note is thus payable to the bearer. As such, the original note is

---

[17] 10 *Del C.* §5061(a) (providing "upon breach of the condition of a mortgage of real estate by nonpayment of the mortgage money or nonperformance of the condition stipulated in such mortgage at the time and in the manner therein provided the mortgagee, the mortgagee's heirs, executors, administrators, successors or assigns may, at any time after the last day whereon the mortgage money ought to have been paid or other condition performed, sue out of the Superior Court of the county wherein the mortgage premises are situated a writ of *scire facias)*.
[18] 25 *Del. C. §2109(a)*.
[19] *See e.g.*, *CitiMortgage, Inc. v. Bishop*, 2013 WL 1143670, at *4–6 (Del. Super. Mar. 4, 2013).
[20] 6 *Del. C. § 3-101, et. seq.*
[21] 6 *Del. C. § 3-104.*
[22] 6 *Del. C. § 3-109.*
[23] 6 *Del. C. §§1-201(b)(21)(A); 3-109.*

enforceable bearer paper to anyone in possession. Nationstar is in possession of the original note and entitled to enforce the instrument.[24]

Furthermore, Sears lacks standing to challenge the validity or enforceability of the assigning documents as a non-party who is not a third-party beneficiary to the assignment. Any allegations that could be raised by Sears regarding the enforceability of the assignment documents are inconsequential. Nationstar's status as an assignee is not invalidated based on the execution of the assignment through MERS.[25] Furthermore, Sears was not a party to any of the assignments, nor was she a third-party beneficiary. General contract principles upheld in Delaware Courts provide a third-party who is not a party to the contract does not have rights under a contact.[26] As a non-party to the contract that is a not a third-party beneficiary, Sears does not have standing to object to the assignments she disputes.[27]

Lastly, Sears is estopped from asserting defenses due to the failure to disclose potential claims against the mortgage during bankruptcy proceedings. Delaware Courts have held the doctrine of judicial estoppel prevents a party from asserting a contradictory position to a position "previously taken that the court was

---

[24] *Branch Banking & Trust Co. v. Eid*, 2013 WL 3353846, at *3 (Del. Super. Jun. 13, 2013).
[25] *Id.* (stating "Delaware Courts have shown little appetite for invalidating mortgage assignment merely because they were assigned by MERS").
[26] *Bishop*, 2013 WL 1143670, at *4.
[27] *Deutsche Bank Nat. Trust Co. v. Moss,* 99 A.3d 226 (Del. 2014) (TABLE); *JPMorgan Chase Bank v. Smith*, 2014 WL 7466729, at *4 (Del. Super. Dec. 15, 2014).

persuaded to accept as the basis for its ruling."[28]   In other words, Sears may not benefit from concealment of information related to any potential claims or defenses that invalidate the mortgage because Sears previously took the position, upon which the Bankruptcy Court relied, no valid claims or defenses against the mortgage existed.

During the bankruptcy proceedings, Sears failed to assert any potential grounds for invalidating the mortgage.  Sears did not allege any claims or defenses, nor was there any disclosure regarding the misstatement of her income.  Given Sears' financial circumstances including the mortgage related debt, Sears' case was treated as a no asset by the Bankruptcy Court.  As a no asset case, the trustee did not sell any of Sears' assets to distribute to her creditors.  The Bankruptcy Court entered the Order of Discharge, in reliance on the sworn testimony by Sears indicating there were no valid defenses or claims regarding the mortgage, discharging Sears of her personal liability for unsecured debt in excess of 144,000 dollars.[29]  Hence, Sears is estopped from asserting any defenses to the validity of or enforceability of the Mortgage based on the previous failure to disclose potential claims during the bankruptcy proceeding.

---

[28] *Motorola Inc. v. Amkor Technology, Inc.,* 958 A.2d 852, 859 (Del 2008).
[29] Sears' personal liability on the debt owed to Nationstar based on the Note was not discharged. As such, Nationstar could pursue this action *in personam,* but has elected to proceed *in rem*.

In sum, based on the present record and taking the light most favorable to Sears there is no genuine legal or factual question as to whether Nationstar may enforce the instrument.

## CONCLUSION

Considering the foregoing, Plaintiff has satisfied its burden and there are no material issues of fact in dispute. The Court finds Plaintiff is entitled to summary judgment as a matter of law in its favor. Therefore, Plaintiff's Motion for Summary Judgment is **GRANTED**.

**IT IS SO ORDERED**

Very truly yours,

*/s/ **Richard F. Stokes***

_____

Richard F. Stokes, Judge

cc: Prothonotary