# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

U.S. Bank National Association, :     C.A. No. S15L-12-053 THG
not in its individual capacity, but :
solely as Trustee of the NRZ Pass :     NON-ARBITRATION
Through Trust IX              :     In Rem
                                      *Sci. Fa.* Sur Mortgage Action
      Plaintiff             :

vs                              :     Mortgage Book 8795 Page 36

James A. Hegedus           :
and Virginia E. Hegedus     :     Parcel #330-15.00-65.25

      Defendants         :

## ORDER

### Background

On June 14, 2006 – almost fifteen years ago – the original lender, First Horizon Home Loan Corporation ("First Horizon"), made a $175,000.00 loan (the "Loan") to James A. Hegedus and Virginia E. Hegedus (collectively, "Hegedus"), evidenced by a promissory note (the "Note") and secured by a mortgage which was duly recorded in the land records of Sussex County, Delaware (the "Mortgage"). The Loan, the Note and the Mortgage have been assigned twice: first to The Bank of New York, Mellon fka The Bank of New York ("BONY") and second to U.S. Bank National Association, as Trustee for the NRZ Pass Through Trust IX (the "Bank").

1

On December 15, 2015 – more than five years ago – the Bank filed this *scire facias* sur mortgage foreclosure action against Hegedus, alleging default by Hegedus in the payment of the monthly installments due under the Mortgage. On December 18, 2017, a Decision after Trial was entered in the Bank's favor, directing the Bank to prepare an Order as to the amounts owed by Hegedus. On December 27, 2017, Hegedus filed a Motion for Reargument, which was denied by this Court on January 13, 2018. On January 25, 2018, a Judgment Order was entered against Hegedus setting forth the amounts owed to the Bank.

Now, after innumerable pleadings by the self-represented Hegedus, an unsuccessful removal to federal court, a bankruptcy filing by Hegedus, numerous letters by Hegedus to the President Judge of this Court, a filing with the Delaware Court of Chancery, opinions rendered by no less than five Judges and a Commissioner of this Court, and an unsuccessful appeal to the Delaware Supreme Court, the merits of this case are ripe for adjudication.

At a Sheriff's Sale held on March 16, 2021, the lands and tenements known as 20231 Cubbage Pond Road, Lincoln, Delaware 19960 (the "Property") were sold to Plaintiff. The Sheriff returned and filed the Sale with the Prothonotary on April 23, 2021. On April 6, 2021, Defendants filed an Objection to the Confirmation of Sheriff's Sale, to which Plaintiff responded on April 12, 2021. On April 20, 2921, Defendants filed a Motion

2

to Set Aside the Confirmation of the Sheriff's Sale (although the Sheriff's Sale had not been confirmed pursuant to Superior Court Civil Rule 69(d)), to which Plaintiff responded on May 3, 2021, and to which Defendants filed three more responsive pleadings on May 10, 2021 and May 18, 2021.

### Applicable Law

The writ of *scire facias* sur mortgage is founded upon a record, the record being the Mortgage.[1] The defenses available are limited to satisfaction, payment, or avoidance of the deed.[2]

### Conclusion

I have reviewed the entire record and considered all of Hegedus' arguments and objections. I find no merit in them.

**THEREFORE, UPON CONSIDERATION OF** the Objection to the Confirmation of Sheriff's Sale filed by Defendants and the Response filed by Plaintiff, it is this 18th day of May 2021, by the Superior Court for the State of Delaware

**ORDERED,** that the Objection to the Confirmation of Sheriffs Sale be and hereby is **DENIED** and the Sheriff's Sale be and hereby is **CONFIRMED.**

**AND UPON CONSIDERATION OF** the Motion to Set Aside the

---

[1] *Gordy v. Preform Bldg. Components, Inc.* 310 A.2d 893, at 895 (Del. Super. Ct. Aug. 13, 1973) (citing 2 Woolley On Delaware Practice 918, s 1358).
[2] *Id.*

3

Confirmation of the Sheriffs Sale filed by Defendants, the Response filed by Plaintiff, and the further Responses filed by Defendants, it is this 18th day of May 2021, by the Superior Court for the State of Delaware

**FURTHER ORDERED,** that the Motion to Set Aside Confirmation of Sheriffs Sale be and hereby is **DENIED.**

/s/ Craig A. Karsnitz

cc: Prothonotary
Virginia E. Hegedus and James A. Hegedus
John E. Tarburton, Esquire