**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| MIDFIRST BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. K21L-06-005 NEP |
| | ) | |
| CATHERINE MULLANE, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: July 13, 2023
Decided: August 31, 2023

**ORDER**

*Upon Plaintiff's Motion to Dismiss Defendant's Counterclaims*
**GRANTED AND AFFIRMATIVE DEFENSE STRICKEN**

1.      This is a *scire facias sur* mortgage foreclosure action brought by Plaintiff MidFirst Bank (hereinafter "MidFirst") against Defendant Catherine Mullane (hereinafter "Mullane") regarding the property she owns at 193 New Castle Avenue, Felton, Delaware (hereinafter the "property"). Before the Court is MidFirst's motion to dismiss the counterclaims asserted by Mullane in her answer to the complaint.

2.      At issue is a section of Mullane's answer styled "Affirmative Defenses and Counterclaims." In that section, Mullane alleges that MidFirst hired a company called Safeguard Property Management (hereinafter "Safeguard") to inspect the property without notice to Mullane.[1] At the time, Mullane resided in a home on the

---

[1] Answer (D.I. 28) ¶¶ 8–9.

property but was away for the season.[2]  The home was fully furnished and had running water and electricity.[3]  According to Mullane, Safeguard incorrectly reported that the property was abandoned and then broke in, ransacked the home, and changed the locks.[4]  Mullane asserts that MidFirst "is responsible for damages and theft" by Safeguard and that her damages "far exceed the amount owed plus reasonable costs and legal fees."[5]

3.      MidFirst moved to dismiss the counterclaims on April 25, 2023, arguing that the Court lacks subject matter jurisdiction over them in a *scire facias sur* mortgage action.[6]  Mullane filed a response on May 25, 2023, asserting that "[h]ad the Plaintiff (through their agent) not trespassed, broken and entered and changed the locks and put a lockbox on the door, (the act which denied the Defendant access) [sic] the Defendant would have continued to make the mortgage payments."[7]  Mullane argues that she "presents this as solely Affirmative Defenses should the Court dismiss them as Counterclaims."[8]

4.      At Mullane's request,[9] the Court heard oral argument on July 13, 2023.  Mullane conceded at oral argument that the counterclaims should be dismissed based on *Lasalle National Bank v. Ingram* and *Gordy v. Preform Building Components, Inc.*, which hold that allowing permissive counterclaims in a *scire facias sur* mortgage action "would improperly infuse an *in personam* action into an *in rem* action based on the original mortgage transaction."[10]  However, Mullane maintained

---

[2] *Id.* ¶¶ 10–11.
[3] *Id.* ¶ 10.
[4] *Id.* ¶ 12.
[5] *Id.* ¶¶ 14 and 18.
[6] Pl.'s Mot. to Dismiss Def.'s Counterclaims (D.I. 39).
[7] Answer to Mot. to Dismiss Counterclaims (D.I. 47) at 1.
[8] *Id.*
[9] Letter to the Court filed on June 7, 2023 (D.I. 48).
[10] *Lasalle Nat. Bank v. Ingram*, 2005 WL 1284049, at *3 (Del. Super. May 19, 2005); *see also Gordy v. Preform Bldg. Components, Inc.*, 310 A.2d 893, 896 (Del. Super. 1973) ("[S]uch a

that her answer raises a valid affirmative defense of unclean hands.  Specifically, Mullane argues that Safeguard's wrongdoing denied her access to the property and caused her to default.

5. While it is unclear if MidFirst seeks to strike the affirmative defense,[11] the Court addresses the issue on its own initiative pursuant to Superior Court Civil Rule 12(f) in order to expedite this litigation and offer clarity to the parties.[12]  The Court will strike an affirmative defense when the defense "clearly present[s] no *bona fide* issue of fact or law."[13]  The Court views the facts alleged in the pleadings in the light most favorable to the defendant.[14]

6. First, the answer does not present a *bona fide* issue of law.  "The equitable doctrine of unclean hands bars litigants who have acted inequitably from seeking what might otherwise be available relief."[15]  Delaware law, however, recognizes only three defenses in a *scire facias* action: payment of the mortgage

---

[11] counterclaim would infuse an in personam litigation and judgment based upon a different transaction into an action which was essentially an in rem action.").  Mullane also indicated that she intended to amend her answer to add a counterclaim for improper notice or failure of a condition precedent.  To date, the Court has not received an amended pleading.

[11] Counsel for MidFirst took the position at oral argument that the allegations do not state any valid affirmative defenses and are better understood as permissive counterclaims.

[12] *See* Super. Ct. Civ. R. 12(f) (providing that "upon motion made by a party within 20 days after the service of the pleading upon the party *or upon the Court's own initiative at any time*, the Court may order stricken from any pleading any insufficient defense" (emphasis supplied)).

[13] *Stinnes Interoil, Inc. v. Petrokey Corp., Inc.*, 1983 WL 412258, at *1 (Del. Super. May 23, 1983).

[14] *See PVP Aston, LLC v. Fin. Structures Ltd.*, 2022 WL 1772247, at *16 (Del. Super. May 31, 2022) (explaining that a motion to strike will be granted "only where the facts viewed most favorably for the defendant, 'cannot, as a matter of law, support the affirmative defense[.]'" (alteration in original) (quoting *N.K.S. Distribs., Inc. v. Wheeler, Wolfenden & Dwares, P.A.*, 2014 WL 4793438, at *3 (Del. Super. Sept. 26, 2014))).

[15] *Tafeen v. Homestore, Inc.*, 2004 WL 556733, at *6 (Del. Ch. Mar. 22, 2004), *aff'd,* 888 A.2d 204 (Del. 2005); *see also Bodley v. Jones*, 59 A.2d 463, 492 (Del. 1947) (describing the equitable maxim that "he who comes into equity must come with clean hands").  Delaware courts have noted that "[t]he defense of 'unclean hands' is generally inappropriate for legal remedies."  *USH Ventures v. Glob. Telesystems Grp., Inc.*, 796 A.2d 7, 20 n.16 (Del. Super. 2000).

3

money, satisfaction, or a plea in avoidance of the mortgage.[16] Avoidance defenses "must relate to the subject matter of the complaint" and such defenses include an "act of God, assignment of cause of action, conditional liability, discharge, duress, exception or proviso of statute, forfeiture, fraud, illegality of transaction, justification, nonperformance of condition precedent, ratification, unjust enrichment and waiver."[17] A plea in avoidance "admits the essential allegations of the complaint but asserts a matter which, if true, defeats the plaintiff's right to foreclose."[18] Mullane's unclean hands defense clearly does not implicate payment or satisfaction, and she points to no authority to support the proposition that a plaintiff's "unclean hands"—especially from conduct subsequent to and unrelated to the mortgage agreement itself—give rise to a valid avoidance defense. Moreover, the Court in its own review has not identified any Delaware case law recognizing unclean hands as a valid avoidance defense.[19]

7.      Second, even if unclean hands were a legally cognizable defense in a *scire facias sur* mortgage action, Mullane's allegations do not raise a *bona fide* issue

---

[16] *Shrewsbury v. The Bank of New York Mellon*, 160 A.3d 471, 475 (Del. 2017); *see also JPMorgan Chase Bank v. Hopkins*, 2013 WL 5200520, at *2 (Del. Super. Sept. 12, 2013) ("Delaware courts recognize only the defenses of payment, satisfaction, or a plea in avoidance against a *scire facias* action."); *Wilmington Tr. Co. v. Bethany Grp. Ltd. P'ship*, 1993 WL 258686, at *2 (Del. Super. June 3, 1993) ("[T]he Court will only recognize several specific defenses to a *scire facias* action: payment, satisfaction, or certain avoidance defenses.").

[17] *Gordy*, 310 A.2d at 895–96.

[18] *Shrewsbury*, 160 A.3d at 478. In *Shrewsbury*, the Delaware Supreme Court indicated that the oft-cited requirement that a plea in avoidance must relate "to the validity or illegality [of] the mortgage documents" is not apposite in every case. *Id.* at 476 (quoting *Wells Fargo Bank, N.A. v. Nickel*, 2011 WL 6000787, at *2 (Del. Super. Nov. 18, 2011)). However, it reaffirmed that an allegation in avoidance must at least "relate to the subject matter of the complaint." *Id.* (quoting *Gordy*, 310 A.2d at 895).

[19] *See CitiMortgage, Inc. v. Kine*, 2011 WL 6000755, at *1 n.1, *2 (Del. Super. Nov. 1, 2011) (granting summary judgment in a *scire facias sur* mortgage action because the affirmative defenses raised, including unclean hands, did not plead payment, satisfaction, or avoidance of the mortgage); *Mott v. Bank of New York Mellon*, 220 A.3d 245, 2019 WL 4879841, *4–5 (Del. 2019) (TABLE) (affirming the grant of summary judgment where defendants argued, *inter alia*, that "the Bank has not acted in good faith, has engaged in unfair dealing, or has unclean hands").

4

of fact. Mullane's unclean hands argument is premised on the assertion that she "would have continued to make the mortgage payments" but for Safeguard's wrongful conduct.[20] However, Mullane has neither pleaded nor articulated a concrete causal connection between Safeguard's actions and her subsequent default.

8. While Mullane's allegations may be "pursuable in a separate cause of action," they "do not belong in this scire facias sur action" as either counterclaims or as affirmative defenses.[21]

Wherefore, for the foregoing reasons, MidFirst's motion to dismiss the counterclaims is **GRANTED,** and the **affirmative defense raised in paragraphs 8 through 18 of Mullane's answer is STRICKEN**.

**IT IS SO ORDERED.**

_____
Noel Eason Primos, Judge

NEP:tls
oc: Prothonotary
cc: Counsel of Record - *Via File & ServeXpress*
Catherine Mullane, *Pro Se – Via U.S. Mail*

---

[20] Answer to Mot. to Dismiss Counterclaims at 1.
[21] *Lasalle*, 2005 WL 1284049, at *3.