# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ROUNDPOINT MORTGAGE
SERVICING CORPORATION,

          Plaintiff,

   v.

NATHALIE HUBERT-TOUSSAINT
and LAVERNE M. REEDER,

          Defendant.

:
:
:
:
:
:
:
:
:
:
:
:

C.A. No. K19L-03-014 WLW

## ORDER

Plaintiff's Motion for Summary Judgment.
*Granted.*

Catherine DiLorenzo, Esquire of Alba Law Group, Wilmington, Delaware and
Adam V. Orlacchio, Esquire of Blank Rome LLP, Wilmington, Delaware; co-
counsel for Plaintiff.

Nathalie Hubert-Toussaint and Laverne M. Reeder, Smyrna, Delaware; *pro se*
Defendants.

WITHAM, R.J.

## INTRODUCTION

Upon consideration of the Motion for Summary Judgment filed by Plaintiff, RoundPoint Mortgage Servicing Corporation ("RoundPoint"), the opposition of the Defendants, Nathalie Hubert-Toussaint and Laverne M. Reeder, and the record of the case, it appears to the Court that:

## FACTUAL AND PROCEDURAL HISTORY

1. On December 31, 2015, Defendants, Nathalie Hubert-Toussaint and Laverne M. Reeder, executed and delivered a promissory note (the "Note") in favor of Primelending, a PlainsCapital Company ("Primelending"), to obtain a mortgage loan in the amount of $410,000.00 (the "Loan").[1] To secure the Loan, Defendants delivered a mortgage (the "Mortgage") to Mortgage Electronic Registration System (MERS) as nominee for Primelending, and the Mortgage was recorded with the Kent County Recorder of Deeds.[2] On June 30, 2017, MERS assigned the Mortgage to RoundPoint, which was also recorded on July 5, 2017 with the Kent County Recorder of Deeds.[3]

2. On July 1, 2018, Ms. Hubert-Toussaint and Mr. Reeder defaulted on the Note and the Mortgage by failing to make required monthly payments, and they have made no payments since for a period of over two years.[4] On March 11, 2019, RoundPoint commenced foreclosure proceedings by filing the foreclosure Complaint.[5]

---

[1] *See* Complaint at ¶ 2; *see also* Complaint Exhibit E.

[2] *See* Complaint at ¶ 2-3.

[3] *Id.* at ¶ 3.

[4] *Id.* at ¶ 5.

[5] *See* Complaint.

3. On April 30, 2019, Ms. Hubert-Toussaint and Mr. Reeder filed an Answer to the Complaint for Foreclosure of Mortgage, Affirmative Defense and Counterclaim (the "Counterclaim").[6] Pursuant to Rule 12(b)(6) of the Delaware Superior Court Rules of Civil Procedure, RoundPoint filed a Motion to Dismiss the Counterclaim.[7] The Court granted RoundPoint's Motion to Dismiss the Counterclaim on September 26, 2019.

4. On November 19, 2019, Plaintiff filed a Motion for Summary Judgment.[8] Defendants originally had until December 1, 2019, to respond to the Motion. Pursuant to Defendants' request, this Court extended the time for response until December 19, 2019. Defendants did not respond to the Motion for Summary Judgment. On December 23, 2019, Defendants directed a request for discovery towards Plaintiff. Defendants requested that Plaintiff answered the request in twenty days. On January 14, 2020, Plaintiff requested additional time to answer discovery, and the Court granted the request. On January 24, 2020, Plaintiff asked the Court to grant leave to produce discovery until this matter was resolved at the Supreme Court and until this Court made the decision on the Motion for Summary Judgment.[9] This Court denied the request. Plaintiff did not answer the discovery request. On January 30, 2020, Defendants requested this Court to stay the Motion for Summary Judgment

---

[6] *See* Defendants' Answer to Complaint for Foreclosure of Mortgage, Affirmative Defense and counterclaim.

[7] Plaintiff's Motion to Dismiss Defendants' Counterclaim. Defendants also filed Affidavit in Reply to RoundPoint Motion to Dismiss (the "Affidavit").

[8] *See* Plaintiff's Motion for Summary Judgment ("Pl. Mot.").

[9] Defendants in this case also filed an interlocutory appeal in the Supreme Court of Delaware, which was dismissed.

until the discovery request is answered. At this point, the Court is prepared to rule on the Motion for Summary Judgment, and, therefore, the request is DENIED.

## PARTIES' CONTENTIONS

5. Plaintiff states that because Defendants defaulted on the loan, RoundPoint is entitled to a foreclosure on the property.[10] Plaintiff points out that Defendants did not present any defenses to the foreclosure action.[11] Plaintiff further explains that Defendants were informed of Plaintiff's intention to accelerate the balance, which Plaintiff was entitled to, and that Defendants still did not cure the default as of the date Plaintiff filed the Motion for Summary Judgment.[12] Plaintiff argues that there is no triable issue as to any material fact in this case because "there is ample evidence to show that a debt secured by the Mortgage existed between Plaintiff and Defendants and, by not performing, Defendants are in breach of the terms of the Mortgage."[13] Furthermore, as mentioned above, Defendants here failed to respond to the Motion for Summary Judgement within the time frame established by this Court.

## STANDARD OF REVIEW

6. Summary judgment will be granted when, viewing all evidence in the light most favorable to the nonmoving party, the moving party demonstrates that "there are no material issues of fact in dispute and that the moving party is entitled to

---

[10] Pl. Mot. ¶ 5.

[11] *See Id.* at ¶ 8-9.

[12] *See Id.* at ¶ 10.

[13] *Id.* at ¶ 14.

judgment as a matter of law."[14] The moving party bears the initial burden of demonstrating the nonexistence of material issues of fact; the burden then shifts to the nonmoving party to show that there are material issues of fact in dispute.[15] The Court views the record in the light most favorable to the nonmoving party.[16]

7. If, after discovery, the non-moving party cannot make a sufficient showing of the existence of an essential element of the case, then summary judgment must be granted.[17] However, when material facts are in dispute, or "it seems desirable to inquire more thoroughly into the facts, to clarify the application of the law to the circumstances," summary judgment will not be appropriate.[18]

## DISCUSSION

8. A *scire facias* action is an action used in connection with proceedings founded upon a matter of record, such as a mortgage.[19] A *scire facias* action is strictly an *in rem* action.[20] The defenses and counterclaims which may be pled in a

---

[14] *Enrique v. State Farm Mutual Auto-Mobile Insurance Co.*, 2015 WL 6330920, at *3 (Del. Super. Oct. 14, 2015) *aff'd* 142 A.3d 506 (Del. 2016) (citing *Burkhart v. Davies*, 602 A.2d 56, 59 (Del. 1991); *see also* Super. Ct. Civ. R. 56(c).

[15] *Bishop v. Progressive Direct Insurance Co.*, 2016 WL 7242582, at *1 (Del. Super. Dec. 15, 2016).

[16] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. Aug. 6, 1979).

[17] *Slaubaugh Farm, Inc., et. al. v. Farm Family Cas. Ins. Co.*, 2018 WL 5473033, at *2 (Oct. 29, 2018) (citing *Burhart*, 602 A.2d at 59 cert. den., 504 U.S. 912 (1992); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986)).

[18] *Ebersole v. Lowengrub*, 180 A.2d 467, 468–69 (Del.1962).

[19] *US Bank National Association v. Gilbert*, 2014 WL 595510, at *3 (Del. Super. Jan. 15, 2014) (citing *Woolley on Delaware Practice,* p. 889, Section 1309, p. 932, Section 1386).

[20] *Id.* (citing *Woolley on Delaware Practice,* p. 889, Section 1309, p. 932, Section 1386).

*scire facias* mortgage action are limited by well settled Delaware law.[21] "Defenses to a *scire facias sur* mortgage action are limited to satisfaction, payment, or avoidance of the deed."[22] Defendants here did not raise any valid arguments related to satisfaction, payment, or avoidance. In this case, Defendants filed a Counterclaim and argued that they repaid the debt using a coupon. The Counterclaim was litigated and dismissed through a Motion to Dismiss pursuant to Superior Court Civil Rule 12(b)(6).[23] As stated above, Defendants defaulted on the loan in 2018. At the time Plaintiff filed the Motion for Summary Judgment, Defendants has not cured the default. Therefore, Plaintiff is entitled to foreclose on the property.

9. Defendants have asked to stay the Motion for Summary Judgment until Plaintiff responds to Defendants' discovery request. The request was filed after the deadline for Defendants' response to the Motion already expired.[24] Moreover, regardless of this request for discovery, no material issues of fact exist in the case at this point. Furthermore, it is obvious from the record of this case that Defendants have used what can best be described as innovative and dilatory techniques to prolong the proceedings so that they can remain on the property without making the

---

[21] *Id.*

[22] *Id.* (citing *Gordy v. Preform Building Components, Inc.,* 310 A.2d 893 (Del. Super. Ct. 1973).

[23] *RoundPoint Mtg. Service Corp. v. Hubert-Toussaint and Reeder*, No. K19L-03-014 Witham, J. (Sept. 26, 2019) (ORDER). The Court stated, "[i]n sum, Defendants state no viable claim for relief. It appears to the Court that the allegations in the Defendants' Counterclaim...are without merit. Furthermore, Defendants could be sanctioned by the Court because their Counterclaim appears to be frivolous, and it is a waste of the Court's resources. It should be noted that Defendants continue restating their claims in two separate filings using what seems to be intentionally misleading and confusing language filled with meaningless legalese."

[24] Even though the request was dated December 17, 2019, it was filed on December 23, 2019. The deadline for Defendants' response to the Motion for Summary Judgment was December 19, 2019.

payments on the underlying debt obligation. Therefore, Plaintiff is entitled to a judgment as a matter of law.

## CONCLUSION

10. For the foregoing reasons, Plaintiff's Motion for Summary Judgment is **GRANTED.**

**IT IS SO ORDERED.**

/s/ William L. Witham, Jr.
Resident Judge

WLW/dmh