# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT INDIVIDUALLY BUT SOLELY AS TRUSTEE FOR FINANCE OF AMERICA STRUCTURED SECURITIES ACQUISITION TRUST 2018-HB1, | ) ) ) ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No: S21L-09-001 MHC |
| JACK E. BAILEY, | ) ) ) ) ) ) | |
| Defendant. | ) | |

## ORDER

Submitted: October 27, 2022
Decided: January 4, 2023

*Upon Consideration of Plaintiff's Motion for Summary Judgment,* **GRANTED.**

Janet Z. Charlton, Esquire, Chase N. Miller, Esquire, McCabe, Weisberg & Conway, LLC, Wilmington, Delaware, *Attorneys for Plaintiff.*

Gerry Gray, Esquire, Doroshow Pasquale Krawitz & Bhaya, Smyrna, Delaware, *Attorney for Defendant.*

**CONNER, J.**

This is a mortgage foreclosure case. Upon consideration of the Motion for Summary Judgment filed by Wilmington Savings Fund Society ("Plaintiff"), the facts, arguments, and authorities set forth by the Plaintiff and Jack E. Bailey ("Defendant") the Court finds as follows:

1.  On February 17, 2012, Defendant executed a mortgage on his property located at 10067 Bacons Road, Delmar, Delaware 19940. The mortgage was subsequently assigned to Plaintiff.

2.  This is a reverse mortgage in which the borrower receives either a lump sum payment or periodic payments. The sum does not have to be paid back until a triggering event occurs. Triggering events that would require repayment include failure to pay taxes or failure to provide proof of and maintain insurance on the property.[1]

3.  Defendant has failed to pay taxes on the property. Defendant has also failed to provide proof of insurance on the property. This triggered the full repayment of the mortgage.[2]

4.  A notice of intent to foreclose on the property was mailed to Defendant on November 6, 2019. Plaintiff filed the Complaint on September 1, 2021. Subsequently, two Foreclosure Mediation Conferences were unsuccessful.

---

[1] Pl. Compl. Ex. E ¶¶ 2-3.
[2] *Id*. ¶ 9.

5.      Plaintiff's *scire facias sur* mortgage action demands the outstanding principal sum of $119,833.01 as of August 3, 2021, plus interest, late fees, advances, reasonable attorney's fees, and costs of this action.

6.      A *scire facias sur* mortgage action "is an *in rem* proceeding used to foreclose on a mortgage".[3] Delaware Law only recognizes three possible defenses to a *scire facias sur* mortgage action: payment, satisfaction, and plea in avoidance.[4] A plea in avoidance challenges the validity of "the original mortgage sued upon."[5] Pleas in avoidance include, "an act of God, assignment of cause of action, conditional liability, discharge, duress, exception or proviso of statute, forfeiture, fraud, illegality of transaction, nonperformance of condition precedent, ratification, unjust enrichment, and waiver."[6]

7.      The Court may grant summary judgment only if the moving party can "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[7] The moving party bears the burden of proof first.[8] Once that initial burden is met, the burden shifts to the non-moving

---

[3] *JPMorgan Chase Bank v. Hopkins*, 2013 WL 5200520, at *2 (Del. Super. Sept. 12, 2013).
[4] *Id.*
[5] *LaSalle Nat'l Bank v. Ingram*, 2005 WL 1284049, at *1 (Del. Super. May 19, 2005).
[6] *Shrewsbury v. The Bank of New York Mellon*, 160 A.3d 471, 475 (Del. 2017) (quoting *Gordy v. Preform Bldg. Components, Inc.,* 310 A.2d 893, 895-96 (Del. Super. Aug. 13, 1973)).
[7] Super. Ct. Civ. R. 56.
[8] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).

party to prove an existence of a material issue of fact.[9] The Court must view the facts "in the light most favorable to the non-moving party."[10]

8.  In Defendant's response to the Motion for Summary Judgment, he admits the defenses of payment and satisfaction were not at issue but attempts to raise a plea in avoidance.[11] Defendant claims that Plaintiff improperly increased the demand for fees and expenses associated with the reverse mortgage.[12] More specifically Defendant alleges Plaintiff improperly charged property inspection fees, force-placed insurance, flood insurance, and attorney fees.[13] These avoidance claims, Defendant argues, are grounded in fraud.[14]

9.  Plaintiff has satisfied its burden by providing the Affidavit of Compliance. The burden shifts to the Defendant to prove the existence of a material fact.

10.  As admitted by Defense Counsel at oral argument, Defendant has not paid taxes on the property nor submitted proof of insurance. Defendant's failure to submit proof of insurance caused Plaintiff to obtain insurance for the property. Defense Counsel also admitted that no fraud has occurred upon the original

---

[9] *Id.* at 681.
[10] *Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).
[11] Def. Am. Resp. at 2.
[12] *Id.*
[13] *Id.*
[14] *Id.* at 3.

mortgage document. A plea in avoidance is only legitimate if the alleged fraud arises out of the initial mortgage transaction.[15]

11. On this record, there is no dispute as to any material facts and Defendant is unable to raise any of the recognized defenses. Plaintiff is entitled to judgment as a matter of law.

**NOW, THEREFORE,** this 4th day of January 2023, Plaintiff's Motion for Summary Judgment is hereby **GRANTED** and judgment is entered in favor of Plaintiff, Wilmington Savings Fund Society.

**IT IS SO ORDERED.**

/s/Mark H. Conner
Mark H. Conner, Judge

cc: Prothonotary

---

[15] *LaSalle Nat'l Bank*, 2005 WL 1284049, at *2.