# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LAKEVIEW LOAN SERVICING LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. N25L-09-015 CLS |
| ELIZABETH AMBER FREDERICK and CARL FREDERICK, | ) ) ) | |
| Defendants. | | |

Date Submitted: November 25, 2025
Date Decided: February 18, 2026

*Upon the Defendant Carl Frederick's Motion to Dismiss*, **DENIED.**

*Upon Defendant Carl Frederick's Motion to Strike Plaintiff's Response*, **DENIED.**

*Upon Defendant Elizabeth Amber Frederick's Motion to Strike Plaintiff's Response*, **DENIED.**

## <u>ORDER</u>

Janet Z. Charlton, Esquire of MCCABE, WEISBERG & CONWAY, LLC, *Attorney for Plaintiff.*

Carl Frederick, *Pro Se Defendant.*

Elizabeth Amber Frederick, *Pro Se Defendant.*

**SCOTT, J.**

Having considered Defendant Carl Frederick's Motion to Dismiss,[1] Plaintiff's Response,[2] Mr. Frederick's Motion to Strike Plaintiff's Response,[3] and Defendant Elizabeth Amber Frederick's Motion to Strike Plaintiff's Response,[4] it appears to the Court that:

1. On September 14, 2020, Elizabeth Amber Frederick and Carl Frederick (collectively, "Defendants") executed a mortgage (the "Mortgage") in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Pike Creek Mortgage Services, Inc., for the property located on Barnacle Court in Middletown, Delaware.[5] On June 22, 2022, the Mortgage was assigned to Lakeview Loan Servicing, LLC ("Plaintiff").[6]

2. Defendants failed to pay the Mortgage's monthly payments, and Plaintiff filed this *scire facias sur* mortgage action on September 5, 2025.[7]

3. On October 1, 2025, Mr. Frederick filed a Motion to Dismiss the Complaint, arguing that: (1) Plaintiff lacks standing because Mr. Frederick did not sign the

---

[1] Def. Carl Frederick's Mot. to Dismiss, D.I. 7 ("MTD").
[2] Pl.'s Resp. to Def. Carl Frederick's Mot. to Dismiss, D.I. 10 ("Pl.'s Resp.").
[3] Def. Carl Frederick's Mot. to Strike Pl.'s Resp., D.I. 14.
[4] Def. Elizabeth Amber Frederick's Mot. to Strike Pl.'s Resp., D.I. 16.
[5] Complaint, ¶ 5, Ex. E, D.I. 1 ("Compl.").
[6] *Id.* ¶ 5, Ex. F.
[7] *Id.* ¶ 6.

promissory note, and (2) that the Mortgage instrument is null and void.[8]  Plaintiff filed a response in opposition on November 13, 2025.[9]

4. On November 25, 2025, Mr. Frederick filed a Motion to Strike Plaintiff's Response to his Motion to Dismiss.  That same day, Ms. Frederick also filed a Motion to Strike Plaintiff's Response.  The Court first addresses Defendants' Motions to Strike.

## I.        Defendants' Motions to Strike Plaintiff's Responses

5. Under Superior Court Civil Rule 12(f), the Court may "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter."  The "standard for a motion to strike is similar to that for a motion to dismiss."[10]  "Motions to strike 'granted sparingly, and only if clearly warranted, with doubt being resolved in favor of the pleading.'"[11]

6. The Court concludes that Defendants' Motions to Strike are meritless.  In their Motions to Strike, Defendants maintain that while Plaintiff's Responses were filed with the certifications attached with the Court on November 13, 2025, they were not actually mailed until November 14, 2025, to Mr. Fredericks, and November 15,

---

[8] *See generally* MTD.
[9] See generally Pl.'s Resp.
[10] *Fidelity Nat'l Info, Servs., Inc. v. Rentner*, 2025 WL 3645876, at *1 (Del. Super. Dec. 15, 2025) (quoting Super. Ct. Civ. R. 12(f)) (internal quotation marks omitted).
[11] *Id.* (quoting *Heisenberg Principals Fund IV, LLC v. Bellrock Intel., Inc.*, 2018 WL 3460433, at *1 (Del. Super. July 17, 2018)) (internal quotation marks omitted).

2025, to Ms. Fredericks.[12]   Mr. Frederick received the mailing on November 15, 2025, and Ms. Fredericks received her mailing on November 17, 2025.[13]

7. According to Defendants, the mailing must correlate with the certification under Rule 5(b). Because the mailing and certification do not correlate, Defendants argue that they are prejudiced by the "materially shorten[ed] . . . . response window[.]"[14]

8. There is no authority that requires time of certification and mailing to match to be valid. Further, Court cannot find "that the variance between the time of certification and the time of mailing has subjected [Defendants] to any difficulty[.]"[15] Nothing on this record shows that Defendants were prejudiced by a 24–48-hour difference in the certifications filed with the Court and mailing. Thus, Defendants' Motions to Strike are **DENIED**.

## II.   Defendant Carl Frederick's Motion to Dismiss

9. Upon a motion to dismiss under Superior Court Civil Rule 12(b)(6), the Court (i) accepts all well-pled factual allegations as true, (ii) accepts even vague allegations as well-pled if they give the opposing party notice of the claim, (iii) draws all reasonable inferences in favor of the non-moving party, and (iv) only dismisses a

---

[12] Def. Carl Frederick's Mot. to Strike Pl.'s Resp. ¶ 6;  Def. Elizabeth Amber Frederick's Mot. to Strike Pl.'s Resp. ¶ 2.
[13] Def. Carl Frederick's Mot. to Strike Pl.'s Resp. ¶ 9;  Def. Elizabeth Amber Frederick's Mot. to Strike Pl.'s Resp. ¶ 4.
[14] Def. Carl Frederick's Mot. to Strike Pl.'s Resp. ¶ 9.
[15] *Green v. ConAgra Poultry Co.*, 2007 WL 2319146, at *2 (Del. Super. July 11, 2007).

case where the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances.[16] The Court does not, however, accept "conclusory allegations that lack specific supporting factual allegations."[17] But "it is appropriate . . . to give the pleader the benefit of all reasonable inferences that can be drawn from the pleading."[18]

10. Under 10 *Del. C.* § 5061, a mortgagee's assigns may file a lawsuit in Superior Court for any injury sustained due to default payment on a mortgage of real estate.[19] Here, Plaintiff has alleged that Defendants executed the Mortgage, which was later assigned to Plaintiff, and Defendants have failed to make the payments required. Therefore, Plaintiff has standing.

11. The defenses available in a *scire facias sur* mortgage foreclosure action are limited and only those claims or counterclaims arising under the mortgage may be raised.[20] Delaware courts recognize the defenses of payment, satisfaction or avoidance.[21] A plea in avoidance must "relate to the mortgage sued upon, i.e., the plea must relate to the validity or illegality of the mortgage documents."[22] These

---

[16] *ET Aggregator, LLC v. PFJE AssetCo Hldgs. LLC*, 2023 WL 8535181, at *6 (Del. Super. Dec. 8, 2023).
[17] *Id.* (quoting *Ramunno v. Crawley*, 705 A.2d 1029, 1034 (Del. 1998)).
[18] *TrueBlue Inc. v. Leeds Equity Partners IV, LP*, 2015 WL 5968726, at *2 (Del. Super. Sept. 25, 2015) (quotation omitted).
[19] *See also CitiMortgage, Inc. v. Bishop*, 2013 WL 1143670, at *4 (Del. Super. Mar. 4, 2013).
[20] *Id.* at *5 (citing *CitiMortgage, Inc. v. Kine*, 2011 WL 6000755, at *2 (Del. Super. Nov. 1, 2011)).
[21] *Wells Fargo Bank, N.A. v. Williford*, 2011 WL 5822630, at *3 (Del. Super. Nov. 17, 2011) (citing *Gordy v. Preform Building Components, Inc.*, 310 A.2d 893, 893 (Del. Super. 1973)).
[22] *Bishop*, 2013 WL 1143670, at *5.

include acts of God, assignment, conditional liability, duress, exception, forfeiture, fraud, illegality, justification, non-performance of condition precedents, ratification, unjust enrichment in waiver.[23]   Permissive counterclaims, however, may not be asserted in a *scire facias sur* mortgage action.[24]

12.  Mr. Frederick claims that he was fraudulently included as a mortgagor, he was fraudulently induced into signing documents, that Plaintiff slandered and misused Mr. Frederick's identity, and that "USDA regulations were violated."[25]

13.  Mr. Frederick's assertions of fraud constitute an affirmative defense.  Given that the Court is limited to the four corners of the complaint on a Rule 12(b)(6) motion, affirmative defenses are generally unsuited for the pleading stage "[u]nless it is clear from the face of the complaint that an affirmative defense exists and that the plaintiff can prove no set of facts to avoid it[.]"[26]  This burden is not met here as Plaintiff states a reasonably conceivable *scire facias sur* mortgage action.

14.  Finally, Mr. Frederick may not argue that Plaintiff slandered or misused Mr. Frederick's identity, nor that USDA regulations were violated because they are permissive counterclaims that are not associated with the mortgage transaction at issue.[27]

---

[23] *Bishop*, 2013 WL 1143670, at *5.
[24] *Williford*, 2011 WL 5822630, at *3.
[25] *See generally* Def. Carl Frederick's Memorandum of Law in Support of Mot. to Dismiss, D.I. 7.
[26] *Reid v. Spazio*, 970 A.2d 176, 183–84 (Del. 2009);  *see also US Dominion v. Newsmax Media, Inc.*, 2022 WL 2208580, at *28 (Del. Super. June 16, 2022).
[27] *Williford*, 2011 WL 5822630, at *3 n.47.

15.  For the foregoing reasons, Defendant Carl Frederick's Motion to Dismiss is **DENIED**;  Defendant Carl Frederick's Motion to Strike is **DENIED**;  and Defendant Elizabeth Amber Frederick's Motion to Strike is **DENIED**.


**IT IS SO ORDERED.**

*/s/ Calvin Scott*
Judge Calvin L. Scott, Jr.